The State v. Williams.

## THE STATE v. WILLIAMS, *Appellant.*

1. Criminal Law : LARCENY : INTENT : EVIDENCE. In larceny the intent to steal is the gravamen of the offence, and it is competent for the defendant to testify as to the intent with which he did an act, wherever such intent is material.

2. ———: ——— : ——— : ———. In a prosecution for the larceny of a cow, it is competent for the defendant to testify that he had purchased a due bill on the owner of the cow, and had been informed and believed that the owner was willing to let the cow go in payment of the bill, and that he took the cow believing that he had a right to do so, and with no intent to steal her.

*Appeal from Dunklin Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*S. M. Chapman* for appellant.

(1) It is well settled that where the intent with which an act is done is material, the defendant may

testify as to the intent with which he did the act. *State v. Palmer*, 88 Mo. 568, 573; *State v. Banks*, 73 Mo. 592; *Vansickle v. Brown*, 68 Mo. 634; *State v. Tate*, 12 Mo. App. 327; *Thacher v. Phinney*, 7 Allen (Mass.) 146; Wharton on Crim. Evid., sec. 431; *Thurston v. Cornell*, 38 N. Y. 281, 287. (2) The testimony fails to establish a felonious taking. The facts proven tend only to establish a trespass; that the defendant acted under an erroneous belief as to the facts conferring a right to take the cow in settlement of his due bill. In such a taking there is no larceny. *Will v. State*, 9 Mo. 671; *State v. Homes*, 17 Mo. 379; *State v. Gresser*, 19 Mo. 247; *State v. Matthews*, 20 Mo. 55; 2 Bishop Cr. Law [6 Ed.] sec. 851; 1 Bishop Cr. Law, sec. 297; Kelley Cr. Law, sec. 601. In criminal cases, courts will look into the record to see if the finding of the jury is warranted by the evidence, and, where it is not, will award a new trial. *Mansfield v. State*, 41 Mo. 473; *State v. Packwood*, 26 Mo. 363; *State v. Daubert*, 42 Mo. 242; *Kelley v. State*, 4 Humph. 552.

*B. G. Boone*, Attorney General, for the state.

(1) Every essential was present in defendant's act to constitute the crime of larceny. There was a felonious taking, carrying away, and secreting of the property of another with intent to convert the same to defendant's own use. *People v. Katz*, 3 Parker, 129; *State v. Martin*, 28 Mo. 530; *State v. Gazell*, 30 Mo. 92; *State v. Lambert*, 21 Mo. App. 301. (2) The evidence sought to be introduced as to defendant's believing or having been informed that the owner would give the property stolen for a due bill held by defendant against him (said owner), constituted no defence and was properly excluded. Evidence of this nature is no more than self-serving declarations, and whether made when the act is contemplated or after it is completed are inadmissible.

Whar. Crim. Evid. [9 Ed.] sec. 690. (3) The fact that defendant was the creditor of the owner of the property, and took it to compel the latter to pay him or keep it, is no defence and does not change the nature of the crime. (*a*) It is immaterial whether defendant thought he was committing larceny or not. He took the property feloniously and secreted and kept it. This clearly showed his intent, whether he knew the nature of the crime or not. Ignorance of the law is no excuse for its violation. *State v. Welch*, 73 Mo. 284. (*b*) A defendant who took a horse away against the owner's consent, under a pretended trade, is guilty of larceny. *State v. Zumbunson*, 86 Mo. 111. (*c*) Likewise is one guilty of larceny who takes property and secretes it, with the intent to keep it until the owner offers a reward. *Berry v. State*, 31 Ohio St. 219.

NORTON, C. J. — Defendant was indicted by the grand jury of Dunklin county and charged with grand larceny in stealing a cow, the property of one William Rambou. He was tried and convicted and from the judgment of conviction has appealed to this court.

The evidence tended to show that Rambou had a cow in a lot on the farm of defendant, and about sunrise defendant, accompanied by his brother, took the cow from said lot and removed her to another lot on his farm on a public road where she remained a day or two, and was then removed and tied in the woods; that defendant at the time of the taking told his brother to tell the "folks" that he had taken the cow. The defence relied upon was that defendant had bought a due bill on Rambou, and at the time of the purchase was informed that Rambou was willing to let the cow go in payment thereof, and that under the belief that this was so, he took the cow without any intent to steal. In cases of larceny the intent to steal by the taking is the gravamen of the offence, and it is settled by the following

cases, that it is competent for the defendant to testify as to the intent with which an act was done, where the intent with which it was done is material: *State v. Banks*, 73 Mo. 592; *State v. Palmer*, 88 Mo. 568. The principle above stated was ignored by the trial court, in its refusal to allow defendant while testifying to state that he purchased a due bill on Rambou, and having been informed and believing that Rambou would let the cow go on the due bill, he went and got her, believing that he had a right to do so, and with no intent to steal the cow or do a wrong.

The act of defendant in taking the cow, in the light of the evidence, is more in the nature of trespass than larceny; and for the error above noted the judgment is hereby reversed and the cause remanded. All concur, except Ray, J., absent.