**Gerald Glenn JOHNSON, Jr., Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55691.**

Supreme Court of Missouri,
Division No. 1.

March 8, 1971.

William T. Bellamy, Jr., Marshall, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Ass't. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief under Supreme Court Rule 27.26, V.A.M.R., from judgment and sentence of two years' imprisonment on plea of guilty to making and uttering a forged instrument. § 561.011, RSMo 1969, V.A.M.S.

On July 8, 1969, appellant, Gerald Glenn Johnson, Jr., thirty-five days out of the penitentiary, in need of money, discussed his plight with Ralph Tolliver in a pool hall in Marshall. Tolliver asked Johnson if he could get some checks cashed. Johnson said he thought that he could. Tolliver prepared six checks. One was payable to Johnson and bore the name David L. Barnes as the drawer. Johnson cashed this check and was arrested the next day.

Johnson waived preliminary hearing and was bound over to the circuit court where an information was filed August 21, 1969.

A complaint charging Tolliver with forgery was also filed. On July 17, the forgery complaint was withdrawn and an information filed in the magistrate court charging Tolliver with issuing an insufficient funds check. Tolliver, on the same day, pleaded guilty to the misdemeanor and was sentenced to ten days' imprisonment in the county jail, with credit for the six days already spent in jail.

On October 6, 1969, Johnson, represented by appointed counsel, Herbert F. Butterfield, appeared in the circuit court and pleaded guilty to the charge against him. He was sentenced to two years' imprisonment. He was given credit for ninety days' jail time. § 546.615, RSMo 1969, V.A.M.S.

On January 7, 1970, Johnson filed a motion to set aside the judgment of conviction. His motion alleged four grounds for relief:

"(a) Movant's attorney failed to afford movant the effective assistance of counsel as constitutionally mandated.

"(b) The Court erred in accepting movants involuntarily entered (plea) of guilty.

"(c) The judgment is contrary to the offense to which movant stood accused.

"(d) Movant did not intelligently and voluntarily plead guilty."

· In a memorandum in support of his motion, appellant stated that the claimed ineffective assistance of counsel was based upon his attorney's failure to direct the trial court's attention to the fact that Tolliver, not appellant, forged the check; to inform movant of the consequences of his plea, particularly the range of punishment in view of the ten-day sentence Tolliver received. On ground (b) he stated that the trial court failed to comply with Supreme Court Rule 25.04, V.A.M.R., before accepting the plea and failed to determine that the plea was knowing and voluntary. On ground (c) the memorandum alleged that investigation of the charge would "establish that movant stands falsely accused." On ground (d) he stated that the plea was involuntary because he was coerced by the threats of the sheriff that jail time credit would not be allowed if he did not plead guilty, and by threats of his attorney that a charge under the Habitual Criminal Act would be filed if movant pleaded not guilty.

At the 27.26 hearing, Tolliver, Sheriff Hoff, Butterfield and movant testified. At the conclusion of the hearing the trial court denied relief and this appeal was taken.

At the conclusion of the hearing the trial court announced the following findings:

"According to the Motion here, of Mr. Johnson, 'Movants attorney failed to afford Movant the effective assistance of counsel as constitutionally mandated.'

"Now, as far as the evidence is concerned, it shows that he was properly represented and, of course, I know Mr. Butterfield personally and I know that he is a good lawyer; the things that have been testified to here that Mr. Butterfield advised him about were proper and the Movant apparently was advised of the probabilities. I see no merit to that contention.

"He also complains here: 'The Court erred in accepting Movants involuntarily entered plea of Guilty.'

"I suppose that he means his plea of guilty; the record shows, and the evidence in this case shows, that the man was advised of everything that he should have been advised about; the Court asked him about different things, I think, are required to ask him; he seemed satisfied; he seems to be an intelligent young man, and at the time I accepted the plea of guilty I thought it was voluntarily and, according to the evidence here today, I haven't changed my mind; I still think it was a voluntary plea of guilty.

"And 'The Judgment is contrary to the offense to which the Movant stood accused.'

"I have checked the Judgment here and also the Information and I see no merit to that contention, of course.

"Then, he complains about: 'Movant did not intelligently and voluntarily plead guilty.'

"And in that respect he complains of what the Sheriff said, what his attorney said, what the Prosecutor was supposed to have said, but from the evidence it appears here that these gentlemen, all they were doing, were telling him the possibilities when asked them; when he asked them, they explained the possibilities, which, if they had not done so, I think they would have been derelict; now he took those to be threats, as to what might happen to him; why, he just did. I see no merit for assuming this to be threats; they were merely advising him of the possibilities which I think is right, proper, and correct.

"And, generally, I find no merit to the Motion and it will be dismissed."

On this appeal, appellant's first point relied upon is: "There should be uniformity in punishment for comparable offenses particularly in companion cases." His fifth point is: "It was certainly manifestly unjust for movant-appellant, who unknowingly cashed a bad check, to be sentenced to a felony term of two years, when the man, who knowingly prepared the bad check, had been sentenced to a misdemeanor term of ten days." These matters are not alleged as grounds for relief in appellant's 27.26 motion. Matters not presented in the trial court are not considered by this Court on appeal in a 27.26 proceeding. Harris v. State, Mo.Sup., 443 S.W.2d 191, 192[2]; State v. Hegwood, Mo.Sup., 415 S.W.2d 788, 791–792[4].

On the point of inadequate assistance of counsel, the trial court found that counsel had properly represented appellant and that "movant apparently was advised of the probabilities." On this appeal, the argument is primarily based upon the result rather than any complaint as to what counsel did or failed to do. He states that the "facts and circumstances of this case reveal his sentence should have been much lighter." Johnson testified that he knew the range of punishment for his offense and that he knew that the prosecutor's recommendation on a plea of guilty would be two years. However, according to Johnson, "I didn't believe that I would get any time, or that much time, because of Mr. Tolliver's sentence." "I thought the Judge would know about the other sentence; I didn't think he would sentence me to two years knowing that the man that forged the check got ten days in the county jail."

Johnson's own testimony revealed that he was aware of the range of punishment and he was aware of the prosecutor's intention to recommend two years. The idea that he

might receive less was, insofar as is shown, Johnson's own idea, not based upon anything counsel did or did not do or say.

An argument based upon result does not demonstrate inadequate assistance of counsel. Holt v. United States, 8th Cir., 303 F. 2d 791, 795[13]. Movant did not sustain his burden of demonstrating inadequate assistance of counsel. State v. Brown, Mo. Sup., 449 S.W.2d 664, 666[1-4]. The trial court's finding on this issue is not clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67, 70-71[1].

■ Appellant's argument on this appeal that the plea was accepted without determination by the trial court that it was voluntarily and knowingly made is based upon the absence from the transcript on appeal of the transcript of the sentencing proceedings. The record of the case which included the transcript of the proceedings on the plea of guilty was introduced in evidence at the hearing below and was before the trial court for its consideration. At the direction of this Court a copy of the transcript of the proceedings on the plea has been supplied here. It shows sufficient inquiry by the court to authorize acceptance of the plea. The defendant was present, was represented by counsel, acknowledged that he understood his right to trial by jury, the range of punishment, the absence of threats or promises, and defendant acknowledged that he was pleading guilty because he was guilty of forging the check. There is no merit in the claim of error on this ground.

■ On this appeal, movant has raised for the first time an objection based upon the magistrate court record statement that the order of that court was that movant be bound over to the *January* Term, *1969* of the Saline County Circuit Court. No point was raised below on this matter. Therefore, it may not be raised here. Harris v. State, supra. However, the entry of the magistrate court was obviously a clerical

error. Appellant was not arrested until July, 1969, long after the January, 1969 Term. § 478.245, RSMo 1969, V.A.M.S. Furthermore, his plea of guilty waived any objection as to time of bringing defendant to trial. State v. Barrett, Mo.Sup., 406 S. W.2d 602, 604[3-5].

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.