Charles T. WILLIAMS, Movant-
Appellant,

v.

STATE of Missouri, Respondent.

No. 57545.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

William E. Mounts, Certified Law Intern, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant, Charles T. Williams, prior to January 1, 1972, filed this appeal from an adverse ruling on his motion filed under Rule 27.26, V.A.M.R.

On February 28, 1969, appellant appeared with self-employed counsel and entered a plea of guilty to a charge of burglary second degree and stealing, which stemmed from an offense on February 20, 1967. The delay was occasioned by appellant's confinement in a penitentiary in Kansas; and, the plea and sentence of five years confinement, with which we are now concerned, took place soon after appellant was paroled from Kansas. The trial court granted parole and appellant was to have been supervised by the same parole officer for both states under an interstate compact. The record fails to reflect clearly the status of a pending, federal charge for theft from an interstate shipment. Nevertheless, after thirteen months on parole, appellant was charged with another offense of stealing and his parole in Missouri was revoked.

After confinement, appellant filed his motion under Rule 27.26 to vacate sentence

and judgment based on a request to withdraw his original plea of guilty (Rule 27.-25). The trial court scheduled an evidentiary hearing at which appellant was present with counsel. However, appellant offered no testimony at all and advised the court that: "I just want to submit it on its merits." Inquiry by the trial court of both movant-appellant and his counsel established that such a procedure had been planned. Although a rather novel approach, we will assume appellant's good faith and that his challenge is directed toward the alleged inadequacy of the original record made at the time of the plea. Three points are carried forward on appeal.

■ First, it is alleged that there had been no determination that the plea had been made "knowingly, voluntarily and with a complete understanding of the nature and consequences of the criminal act as charged." Reliance is bottomed on Rule 25.04, which in essence prohibits acceptance of a plea absent such a finding. However, under this point, appellant develops only the failure of the record to reflect a "determination . . . as to the defendant's knowledge of the range of punishment and the nature of the charge to which he is pleading." The record refutes the argument made and shows the following:

"Q. You're entering this plea of your own free will?

A. Yes, sir.

Q. Have there been any threats, promises or coercion made by anyone for you to enter this plea?

A. No, sir.

Q. Has there been any promises or indication as to what sentence the Court might impose?

A. There hasn't been.

Q. You understand that the range of punishment for burglary second de-

gree and stealing is from two to fifteen years?

A. That's right.

Q. And, in fact, you had participated in this burglary as described in the Information in this case?

A. Yes, I did."

Thereafter, appellant detailed his participation in the offense. Without further comment, we rule the point against appellant.

■ Second, argument is made that the plea record fails to show that the trial court at that time specifically covered each of the precepts enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). The questioned plea was entered prior thereto. Crego v. State, 447 S.W.2d 550 (Mo.1969). See also State v. Grimm, 461 S.W.2d 746 (Mo.1971), which the trial court concluded was controlling. For instance, in its "Conclusions of Law" the court stated: "Under the standard announced in Grimm, if from the entire record it appears movant's plea was made knowingly and voluntarily, it will not be set aside for failure of the Court to inquire specifically into all the matters required by Boykin." We do not find the same to be erroneous and rule the point against appellant. State v. Mountjoy, 420 S.W.2d 316 (Mo.1967).

■ Third, complaint is made that the record fails to establish that appellant entered a plea of guilty to the specific crime for which he was charged. It is alleged that the "record is silent as to a breaking and entering" because appellant only stated to the trial court that: ". . . one of the fellows and myself went inside of the building." In this connection, the trial court found that: "He was aware of the charge against him and admitted his guilt." From the record made, such a finding was not erroneous. For an accused to knowingly and intelligently plead guilty to a crime, he must not be under any misappre-

hension as to the nature of the crime charged, Burrell v. State, 461 S.W.2d 738 (Mo.1971); however, there is no requirement that he relate the events upon which the charge is based in precise legal terms used to identify the various elements of a particular crime. The point is without merit.

Appellant has failed to carry the burden placed on him by Rule 27.26(f), State v. Parker, 413 S.W.2d 489 (Mo. banc 1967), and no manifest injustice is even suggested by the record presented.

Judgment affirmed.

HENLEY, P. J., DONNELLY, C. J., and NORMILE, Special Judge, concur.

FINCH, J., not a member of Division when cause was submitted.