Benny BAKER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9533.

Missouri Court of Appeals,
Springfield District.

May 23, 1974.

the first degree and stealing during the commission of the burglary. He was represented by an attorney of his own choice, Linus E. Young, who was present when the plea was entered. Appellant was sentenced to three years imprisonment on each charge, with the sentences to run consecutively. He was then placed on probation for a term of six years upon condition that he abide by the conditions of probation as specified by the Board of Probation and Parole.

At the time of sentence, the prosecuting attorney recommended a three-year sentence on each charge; that the sentences run consecutively; and that appellant be placed on probation. The trial court asked appellant and his attorney before sentence was passed if they had any legal cause to show why sentence should not be passed or if either of them had anything to say, and they both said "no."

After sentence was passed, the court told appellant that this would be his last chance, and that he had six long years to do if he got into any more trouble. The prosecutor then dismissed another charge against appellant, the nature of which does not appear in the record. On July 7, 1971, appellant was arrested on a new charge of burglary and was placed in the county jail.

Harry H. Bock, New Madrid, for movant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Special Asst. Atty. Gen., Jefferson City, for respondent.

DOUGLAS W. GREENE, Special Judge.

This is an appeal from an order entered by the Circuit Court of New Madrid County on April 24, 1973, overruling appellant's motion to vacate and set aside sentence under Supreme Court Rule 27.26, V.A.M.R.

On November 25, 1969, appellant entered pleas of guilty to charges of burglary in

On October 26, 1971, a probation revocation hearing was held. Appellant was present in person and by his new attorney, Lawrence H. Rost, who was court appointed. Appellant was advised that the proceeding was a hearing to revoke his probation. New charges had been filed against appellant and two codefendants consisting of an accusation of burglary. One prior violation report had been filed against appellant, but probation had been continued. The new violation report contained information that statements taken from the codefendants in the new charge contained admissions of "drinking and carousing," in addition to the facts of the alleged break-in.

Appellant, through his attorney, requested a continuance of the revocation hearing so that he could read the violation report and talk to appellant and his codefendants about the new charge. The request was granted and the hearing was continued until November 9, 1971. Counsel was furnished with a copy of the violation report.

On November 9, 1971, the court, without further hearing and without specifying what grounds of probation had been violated, revoked probation and ordered appellant to begin serving his sentence. The court specified that the sentence was to begin on July 7, 1971, and that appellant was given credit for all time spent in jail awaiting trial and all time spent in jail after his plea and prior to the date of the revocation of probation.

On March 5, 1973, appellant filed a motion to vacate and set aside his sentence under Rule 27.26. In his motion three grounds of error were alleged, which were: A. That his plea of guilty was involuntary, in that it had been induced by the promise of his attorney that he would get "two years and a parole" if he pleaded guilty; B. That he was denied due process and equal protection of law by reason of the court changing defendant's sentence date from November 25, 1969, to July 7, 1971 (he contended in this regard that he was entitled to have credit for all time spent on probation prior to its revocation as part of his sentence); and C. That he was denied and deprived of the effective assistance of counsel at the revocation hearing for the reason that his counsel "did not . . . give [the court any] reason why [appellant] should be or not be violated on probation [but] merely went along with the court and stood up with [appellant] . . . . [j]ust to make it look legal."

A hearing was held on the motion to vacate sentence on April 13, 1973, at which time appellant, with the assistance of his present counsel, Harry H. Bock, presented evidence.

On direct examination appellant testified that his counsel, Linus Young, who represented him at the time he entered his guilty plea, had told him he would get two years and a parole if he entered a guilty plea. He also said he knew he was going to get six years when the judge said so, but didn't tell the court he had been promised two years because he didn't want to go to prison. He further testified that the rules of probation were explained to him and that he was on "parole" until 1971, when he was picked up by the City Marshal of Parma, Missouri, and charged with burglary. He talked to his new attorney, Mr. Rost, several times before revocation; that he knew there was going to be a recommendation to revoke the "parole"; and that he had violated his parole by drinking.

On cross-examination appellant admitted that the prosecutor had recommended three years on each charge, or a total of six years; that the court had offered to let him withdraw his plea, but he did not do so; and that he knew he was going to get six years when he entered the plea.

He also said he was so drunk that he didn't know whether or not he had committed the break-in that resulted in the violation charge, but that he was with a group who had committed the burglary at the time it happened. He also admitted that he had been warned not to drink when he was put on "parole."

His former attorney, Linus Young, testified that he did not tell appellant he was going to get two years and probation; that he told him the state was going to recommend three years on each charge to run consecutively; and that he would be lucky to get a parole. This conversation was before the plea was entered. He testified appellant told him he did not want to go to trial, but that he wanted to enter a plea of guilty and be paroled.

The court took the matter under advisement, and on April 24, 1973, overruled the motion to vacate. In his findings of fact and conclusions of law the court pointed

out that appellant had presented evidence on a single fact issue, which was whether or not defendant's guilty plea had been induced by a promise of a two-year sentence and parole. The court found, as a fact, that appellant knew that his sentence was to be six years at the time the plea was entered.

This appeal followed. In his brief appellant presents three points for review: 1. That appellant was denied due process of law in that no parole revocation hearing was held or testimony taken, and the order of the court changed the time his sentence started to run without a hearing; 2. The court order of November 9, 1971, which changed the time that appellant's sentence began to run from November 25, 1969, to July 7, 1971, violated defendant's right to a speedy trial; and 3. The court order of November 9, 1971, is erroneous on its face in that it sets the beginning of appellant's sentence on July 7, 1971, instead of November 25, 1969, in that appellant had never been a fugitive from justice and was never convicted of another crime, citing Section 549.265(3) RSMo 1969, V.A.M.S.

The scope of review of denial of a motion to vacate judgments of conviction and sentence is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); Jones v. State, 471 S.W.2d 223 (Mo.1971); Lillibridge v. State, 499 S.W.2d 573 (Mo.App.1973).

The only point that appellant raised in his motion to vacate on which he presented evidence at the evidentiary hearing was the question of whether or not his guilty plea was induced by a promise from his trial counsel that he would get "two years and a parole" if he entered a plea.

■ The trial court found against the appellant on that issue. We cannot say, after a review of the record and transcript, that his findings were clearly erroneous. Further, appellant's contentions in this regard were not briefed on appeal, were

therefore abandoned, and should not be reviewed on appeal. Herron v. State, 498 S.W.2d 530 (Mo.1973).

Also abandoned was his claim in his motion that he was denied effective assistance of counsel at the revocation hearing, as he presented no evidence on this issue at any time, and did not brief it on appeal. Herron v. State, supra; Kimble v. State, 487 S.W.2d 544 (Mo.1972). Such allegations are not self-proving. Ward v. State, 451 S.W.2d 79 (Mo.1970).

The only point raised by appellant on his motion to vacate, which he also briefed on appeal, was that he was denied due process and equal protection of the law by reason of the court changing the commencement date of his sentence from November 25, 1969, to July 7, 1971. November 25, 1969, was the date when defendant was originally sentenced and placed on probation. July 7, 1971, was the date when appellant was arrested on a new charge of burglary and confined in the New Madrid County jail where he remained until his probation was revoked on November 9, 1971.

Appellant contends that the trial court's order was erroneous on its face and should be set aside, citing Section 549.265(3) RSMo 1969, V.A.M.S. Section 549.265(3) states that time served on parole shall be counted as time served under the sentence in the event the parole is revoked.

Although appellant presented no evidence on this point at the evidentiary hearing, the facts speak for themselves. The record conclusively shows that the trial court ordered appellant's sentence to commence on July 7, 1971, rather than on November 25, 1969, which was the date on which sentence was originally imposed. Appellant had the right to question such procedure in his motion to set aside or reduce sentence, and we have a duty to review the trial court's action in changing the effective date of sentence.

■ Although the trial court, prosecuting attorney and defense counsel loosely

applied the word "parole" to the facts in this case during various stages of the proceedings, the simple fact remains, and the record so shows, that on November 25, 1969, it was ordered by the trial court that appellant be placed on *probation* under supervision of the State Department of Probation and Parole, and that on November 9, 1971, the trial court found that appellant had violated the terms of his probation, revoked same, and ordered him committed after giving him credit for all time spent in jail waiting a hearing on revocation of probation. This accounted for the trial court's order setting the commencement date of sentence at July 7, 1971. Section 549.265(3) RSMo 1969, V.A.M.S. which is relied on by appellant in his prayer for relief on this point, is not applicable here, as appellant was placed on probation and not on parole by the trial court.

Parole is the release of a prisoner to the community by the court or the State Board of Probation and Parole prior to the expiration of his sentence. Section 549.058(2) RSMo 1969, V.A.M.S. Probation is a procedure under which a defendant found guilty of a crime upon verdict or plea is released by the court without imprisonment subject to the supervision of a probation officer. Section 549.058(3) RSMo 1969, V.A.M.S.

Appellant was not imprisoned after his plea, but was placed on probation. In such cases the trial court may, in its discretion, order credit on the sentence for all or part of the time defendant was on probation. Section 549.101(1) RSMo 1969, V.A.M.S.

Here, the trial court declined to exercise such discretion, as he properly may, and there is no error in his failure to credit appellant with the time he seeks, as such decision is discretionary, not mandatory.

The trial court acted properly when, after finding appellant had violated the conditions of his probation, ordered him to begin the sentence previously imposed upon him. State v. Phillips, 443 S.W.2d 139 (Mo.1969).

The judgment is affirmed.

HOGAN, C. J., and STONE, TITUS and BILLINGS, JJ., concur.