**William C. NEIGHBORS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 26866.**

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM:

This is an appeal by William C. Neighbors from a summary denial of his Rule 27.26, V.A.M.R., motion to vacate, set aside, or correct his sentence of five years for possession of burglar's tools. The motion was based on the ground that he was denied equal protection of the law for the reason that he was not credited with all the time spent while out on probation prior to final sentencing.

 Appellant's points on this appeal are that he was denied due process of law and equal protection for the reason that he did not receive credit for time spent on probation against a sentence subsequently imposed. Another contention which appellant raises for the first time here is the applicability of the mandatory jail time credit provisions of Section 546.615, RSMo 1969, as amended, 1971 V.A.M.S. As this matter was not set forth in the grounds of appellant's original motion, but is only raised for the first time on this appeal, it is not properly before this court and will not be considered. Rule 27.26(c); Maggard v. State, 471 S.W.2d 161 (Mo.1971); and Johnson v. State, 463 S.W.2d 873 (Mo. 1971).

Section 549.101(1), RSMo 1969, V. A.M.S., provides that the allowance of credit for time spent on probation is discretionary with the trial court. The failure of the trial court to allow credit for all or part of the time spent on probation is neither a denial of due process nor equal protection of the law. Gillis v. Swenson, 495 S.W.2d 658 (Mo. banc 1973); and see Baker v. State, 510 S.W.2d 214 (Mo.App. 1974). In view of these prior decisions further opinion would have no precedent¹ value. Rule 84.16(b).

The judgment is affirmed.