**Carl C. McINTOSH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29001.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

James O. Swaney, Jr., Kansas City, for appellant.

Atty. Gen. John D. Ashcroft, Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special JJ.

WELBORN, Special Judge.

Appeal from denial, without hearing, of motion under Rule 27.26 to set aside judgment and sentence.

Carl C. McIntosh was charged in the Jackson County Circuit Court with two offenses of burglary in the second degree (C-44672 and C-44839). On February 1, 1974, he entered pleas of guilty on both charges. The court sentenced him to five years' imprisonment on each charge, but placed him on probation for five years. The defendant violated the terms of his probation and on January 21, 1975, he was remanded to the custody of the Department of Corrections to serve the consecutive five-year sentences previously imposed.

On July 1, 1976, the defendant filed his motion under Rule 27.26 to vacate his sentences, alleging that he was denied effective assistance of counsel because counsel failed to investigate the charges against him and that his plea was not voluntarily tendered with full knowledge and understanding of the charge and the conse-

quences of his plea of guilty. The trial court found that the files and records conclusively showed that the prisoner was entitled to no relief, holding that he was not denied effective assistance of counsel and that his plea was voluntarily tendered with full and complete understanding of the charge and consequences of his plea of guilty.

On his appeal, the movant contends that the record on his sentencing does not support the trial court's conclusion that his pleas were voluntarily entered and that his motion presented a factual issue as to whether or not he had knowingly and voluntarily waived his right to effective assistance of counsel and as to whether or not he understood that upon revocation of his probation, he would be required to serve the two five-year terms consecutively.

. Appellant's contention that the trial court erroneously found that the files and records conclusively showed that he was entitled to no relief must be sustained as to the plea in Cause No. C-44672. The sentencing transcript shows the following with respect to the factual basis for the plea entered by appellant:

 The court advised the appellant that that case involved an incident of November 15, 1973 at 5228 East 40th Street in Kansas City and asked the appellant to tell what he did. The appellant responded:

"Well, I went into the place. I was going with my brother. He asked me to go with him, really.

\* \* \* \* \* \*

"I was at home and my brother kept wanting me to go with him.

\* \* \* \* \* \*

"And he had spotted a fellow that he thought took his coat. He told me. I didn't know. I went around, you know, to the house with him, you know, to get his coat back. I didn't know that it was going to be a burglary, but I know one thing, when he kicked the door in the officers arrived there and arrested us for the burglary, which I told them I had no idea it was anything about a burglary.

\* \* \* \* \* \*

"I went with him in order to get his coat—get his coat back, but otherwise I had no intention of burglarizing it."

Interrogation by the court continued:

"Q. Now, you also understand, do you not, that even though you were going to get your brother's coat you didn't have any permission of the owner to break into that place, do you understand that?

"A. Yes, sir.

\* \* \* \* \* \*

"Q. \* \* \* [Y]ou understand that the act of burglary is the breaking in, do you understand that?

"A. Yes, sir.

"Q. And you understand that because of that set of facts you are guilty of the charge of Burglary, do you not?

"A. Yes."

The transcript discloses no other factual basis for the appellant's plea. The facts recited by appellant do not amount to an admission of facts constituting the offense with which he was charged. Burglary in the second degree requires a breaking "with intent to commit a felony or to steal \* \*." § 560.045, RSMo 1969. Apparently the trial court considered that appellant had admitted a .breaking and entry with intent to steal, no other criminal intent having been suggested. However, the appellant said that he went with his brother to get his coat back from "a fellow that he thought took his coat." If such were the case, there was no intent to steal because the owner of the property was asserting his right to regain its possession. 50 Am.Jur.2d Larceny, § 41, p. 203 (1970). See *State v. Williams,* 95 Mo. 247, 8 S.W. 217 (1888).

This case presents the same problem as that considered in *Davis v. State,* 499 S.W.2d 445 (Mo.1973). In that case the defendant was charged with driving an automobile without the consent of the owner. On his plea of guilty, the defendant stated that he did not know that the vehicle was stolen but he pleaded guilty in the

mistaken belief that such fact would not have been a defense to the charge. Upon a motion for post-conviction relief, the Supreme Court set aside the conviction and permitted withdrawal of the plea because the record showed "that movant did not understand the nature of the charge because although pleading guilty to the named charge he affirmatively asserted a denial of an essential element thereof *at the plea proceedings.*" 499 S.W.2d at 449.

That case is here controlling and requires that the judgment denying relief as to the conviction in Cause No. C-44672 be reversed and the matter remanded with directions to vacate the judgment and sentence in that case and to permit appellant to plead anew to the charge in that case.

■ In Cause No. C-44839, the situation is different. In that case the appellant was charged with burglary and stealing but the stealing charge was dismissed. In entering his plea of guilty to the burglary, the appellant stated that he broke into the place and took merchandise. Having admitted facts sufficient to constitute the offense to which he pleaded, the defendant may not thereafter withdraw his plea on the grounds that he did not understand the nature of the offense. *Fisk v. State,* 515 S.W.2d 865, 868–869[3–6] (Mo.App.1974). The acceptance of the plea in this case immediately followed the proceedings in Cause No. C-44672 but the record in this case does not, as did the record in that case, involve a statement affirmatively denying an essential element of the offense. The 27.26 motion does not allege any facts showing that the evident misapprehension in that case of the nature of the offense affected the defendant's understanding of the nature of the offense in Cause No. C-44839. His plea was not required to be accompanied by a statement of the facts of the offense in precise legal terms identifying the element of the crime so long as the defendant is not under misapprehension as to the nature of the charge. *Williams v. State,* 498 S.W.2d 521, 522–523[3] (Mo.1973).

Appellant also contends that he was denied effective assistance of counsel in that

his appointed counsel failed to interview potential witnesses who, according to appellant, would have provided alibi testimony favorable to him. In the course of the plea acceptance, counsel for appellant, an assistant public defender, interrogated appellant and ascertained that appellant was aware that he had examined the prosecutor's file and knew the evidence which the state would present. He also stated that he had not had time to interview the persons whose names appellant had given him as potential alibi witnesses. Counsel then asked appellant whether, knowing that defense counsel had not had an opportunity to prepare the case for trial, appellant still wished to plead guilty and appellant replied affirmatively.

Appellant now asserts that the trial court erred in overruling his motion without a hearing because his motion presented an issue of fact as to whether he had been denied effective assistance of counsel and whether he had intelligently waived his right to effective assistance of counsel.

Appellant's motion does not allege that his admission of his participation in the crime with which he was charged was not truthful. He alleges no facts from which it might be concluded that the failure to interview the persons suggested had caused him to plead guilty to an offense which he in fact did not commit. His motion merely states that if the witnesses had been interviewed, they would have said that appellant was home at the time of the offense and could not have committed the crime.

■ However, in view of the record made at the acceptance of the plea, which included a recitation by appellant of the facts of his participation in the crime charged and his acknowledgment of his knowledge that his "alibi" witnesses had not been interviewed, the trial court did not err in overruling the motion without a hearing. *Haliburton v. State,* 546 S.W.2d 771 (Mo.App.1977).

Appellant also contends that his motion presented an issue of fact as to whether or not the voluntary and understanding nature

of his plea had been affected by his misunderstanding that the sentences to be imposed were to run consecutively. The motion makes no allegation on this score, but the question is of no significance in view of the fact that the sentence in Cause No. C-44839 is set aside.

Judgment reversed as to Cause No. C-44672 and cause remanded to circuit court with directions to set aside judgment and sentence on that charge and to permit appellant to plead anew as to that charge; judgment affirmed as to Cause No. C-44839.

Reversed in part; affirmed in part.

All concur.