**Bonnie BALLARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29671.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 26, 1979.

Application to Transfer Denied
April 10, 1979.

Kranitz & Kranitz, Ronald M. Sokol, St. Joseph, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Bonnie Ballard (movant) was charged in the Circuit Court of Buchanan County, Missouri, with the crime of assault with intent to maim with malice aforethought (Section 559.180, RSMo 1969). She entered a plea of

guilty thereto and was sentenced to confinement in the Missouri Department of Corrections for a period of thirty-five years. This appeal lies from a judgment and order of the Circuit Court of Buchanan County, Missouri, denying movant's amended Rule 27.26 motion to vacate her sentence following an evidentiary hearing.

■ Thirteen separate contentions have been amassed in a single point on appeal by movant. Many of the components of this single point overlap, many are repetitive, many are bare conclusory allegations, and many were never included in movant's Rule 27.26 motion[1] or given evidentiary treatment at the hearing below.[2] As a result, otherwise cognizable issues on appeal have become so obfuscated that they defy quick or easy recognition. Counsel's apparent zeal to overlook or omit nothing, however well intentioned, has frustrated rather than served the appellate process. In an effort to correct this situation the far ranging panoply of splinter issues tendered by movant has been reduced to basics. After doing so, all viable issues asserted by movant on appeal are fairly posed in the following points: (1) movant's guilty plea was involuntary because counsel (a) failed to advise her of the elements of the charged offense, (b) failed to advise her as to possible defenses thereto, and (c) improvidently undertook to represent both her and her husband at the same time for the same offense; and (2) the trial judge sentenced movant for a crime other than the one for which she was charged.

■ No amount of analysis or recasting of movant's single point can change the fact that primarily it is a limited attack upon the adequacy or effectiveness of counsel; limited in the sense that when a plea of guilty is entered, as here, effectiveness of counsel is material only to the extent it bears on whether a guilty plea is voluntarily and knowingly made. Stated in more positive terms, if a guilty plea is voluntarily and knowingly made counsel cannot be charged with providing ineffective assistance. *Barylski v. State,* 473 S.W.2d 399, 402 (Mo.1971); *Hulett v. State,* 473 S.W.2d 410, 411 (Mo.1971); *Coleman v. State,* 542 S.W.2d 53, 54 (Mo.App.1976); and *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973).

Movant singles out three instances as being indicative of counsel's lack of proper representation—failure to advise her of the elements of the offense with which she stood charged, failure to advise her of possible defenses to said charge, and undertaking to represent both her and her husband at the same time for the same crime. Each will be separately treated.

■ Movant's claim that counsel failed to advise her of the elements of the charged offense, thereby rendering her plea of guilty involuntary, must be placed in proper perspective. Essentially, it is a claim by movant that she did not understand the nature of the charge to which she pled guilty. Even if one assumes that counsel failed to spell out the elements of the offense to movant, her guilty plea was not fatally stricken per se by reason of his failure to do so. It has been firmly established that when an accused in a plea proceeding admits in open court facts which constitute the offense to which he pleads guilty, he is thereafter precluded from withdrawing his plea on the assertion that he did not understand the nature of the charge to which he pled guilty. *Carter v. State,* 472 S.W.2d 370, 373 (Mo.1971); *Jones v. State,* 471 S.W.2d 223, 228 (Mo.1971); *McIntosh v. State,* 559 S.W.2d 598, 601 (Mo.App.1977); *Fisk v. State,* 515 S.W.2d 865, 869 (Mo.App.1974); and *Hayes v. State,* 501

**1.** Grounds not included in a Rule 27.26 motion cannot be raised or asserted on appeal as grounds for relief. Rule 27.26(c); *Maggard v. State,* 471 S.W.2d 161, 162 (Mo.1971); *Johnson v. State,* 463 S.W.2d 873, 875 (Mo.1971); and *Neighbors v. State,* 515 S.W.2d 792, 793 (Mo. App.1974).

**2.** Grounds for relief asserted in a Rule 27.26 motion do not prove themselves and it is incumbent upon the movant to prove such grounds by a preponderance of the evidence. Rule 27.26(f); *Collins v. State,* 450 S.W.2d 186, 187 (Mo.1970); *McLallen v. State,* 543 S.W.2d 813, 815 (Mo.App.1976); and *Coleman v. State,* 542 S.W.2d 53, 54 (Mo.App.1976).

S.W.2d 508, 512 (Mo.App.1973). As applied to this case, movant testified as follows in open court when her plea of guilty was entered and accepted: A third party acting on behalf of a married woman contacted movant's husband and asked him to "have a car wreck" with the married woman's husband. The married woman was supposed to pay movant's husband for staging the "car wreck". Some months went by and the "car wreck" was never staged. The married woman then made several contacts with movant's husband and asked him and the movant to come to her house and "beat up" her husband. She agreed to pay movant and her husband an undisclosed amount for doing so. The married woman called movant and her husband and said she would pick them up and take them to her home where her husband could be found. The married woman suggested that movant bring a rifle and that movant's husband bring a "bat" to carry out the job they had contracted to do. Movant and her husband obliged and the married woman picked them up, took them to her house, and admitted them. The married woman's husband, who was in the basement, was enticed to come upstairs where the movant and her husband were lying in wait. When the married woman's husband saw movant and her husband he became "scared" and a scuffle ensued between him and movant's husband. Movant's husband started swinging at the victim with his "bat" and movant shot the victim twice with her rifle. This testimony of movant at the plea proceeding, confessing as it did all the elements of the offense of assault with intent to maim with malice aforethought (Section 559.180, supra), silences any present cry on movant's part that her plea of guilty was involuntary because counsel failed to advise her of the elements of the offense to which she pled guilty.

■ Movant's contention that her plea of guilty was rendered involuntary due to counsel's failure to warn her as to possible defenses can be dispatched with even great-

er celerity. Although movant testified that counsel never discussed possible defenses with her prior to entering her plea of guilty, such testimony was contradicted by counsel at the Rule 27.26 hearing. According to counsel, the possibility of self-defense (both from the standpoint of defending herself and from the standpoint of defending her husband) was discussed with movant prior to the time she pled guilty, notwithstanding the bizarre nature of the events she had recounted to counsel. The trial court had no choice but to resolve this highly controverted fact issue by assessing the credibility of the respective witnesses involved. Obviously it chose to believe counsel and to disbelieve movant, as was its prerogative. *Goodloe v. State,* 486 S.W.2d 430, 432 (Mo.1972); and *VanDyke v. State,* 522 S.W.2d 101, 103 (Mo.App.1975). Resolution of a fact issue at the trial court level on the basis of which of two opposing witnesses is more credible is entitled to deference on appeal. *Goodloe v. State, supra;* and *VanDyke v. State, supra.*

■ Movant's contention that her plea of guilty was rendered involuntary due to counsel's dual role as appointed counsel for both her and her husband is not well taken. Movant has failed all along the line to embellish this contention with any facts. It is barren of any real substance as a conflict of interest as movant offered no evidence whatsoever that counsel's dual representation was ever objected to, or that it worked to her detriment, or that it favored her husband at her expense. Movant's charge of dual representation on the part of counsel, without the benefit of explicative facts, cannot be seized upon to defeat the otherwise voluntary nature of her guilty plea. *Davis v. State,* 573 S.W.2d 736, handed down October 31, 1978, by Missouri Court of Appeals, St. Louis District.

■ The final point presented on appeal, that the trial judge sentenced movant for a crime other than the one for which she stood charged, is wholly without merit. It

represents a classic example of taking certain language out of context, conveniently construing it to serve one's own purpose, and then impugning it with error. The genesis of the confusion swirling around this final point is found in the following comments made by the trial judge when sentencing movant at the conclusion of the plea proceeding: "Well, this has been a particularly difficult case for me to decide what to do. I'm faced with the fact that they were hired to kill this fellow, apparently, and they failed. If they had succeeded, under the present law, they could have been sentenced to life, which would have been the maximum. It has been a puzzle to me how much you take off for somebody failing to carry out a crime they intended to carry out." Movant contends that these comments inexorably demonstrate that the trial judge sentenced her for the crime of attempted murder, first degree, which carried a penalty of two to fifteen years imprisonment (Section 556.150(1), RSMo 1969), rather than for the charged crime of assault with intent to maim with malice aforethought which carried a penalty of imprisonment for two years to life (Section 559.180, RSMo 1969). The record fails to bear out the impetus movant seeks to attribute to the comments made by the trial judge. Movant was charged with the crime of assault with intent to maim with malice aforethought, the transcript of the plea proceeding, quoting the trial judge, contains the following recital, to wit, "let the record show the Court finds the defendant's plea is voluntary and finds the defendant is guilty as charged and accepts the defendant's plea", immediately prior thereto movant (defendant) had recited facts showing her guilty of assault with intent to maim with malice aforethought, and the sentence fixed by the trial judge was within the range of punishment for the crime to which movant pled guilty, assault with intent to maim with malice aforethought. However inopportune the trial judge's comments may have been, they were innocuous and appear to have expressed a common dismay at the incongruity in Missouri law which punishes assault with malice aforethought more stringently than attempted murder.

■ The ultimate function of an appellate court when reviewing the judgment of a trial court in a Rule 27.26 proceeding is to determine whether the judgment of the trial court was "clearly erroneous". Rule 27.-26(j); and *Shoemake v. State,* 462 S.W.2d 772, 775 (Mo. banc 1971). The judgment of the trial court in the instant case was not "clearly erroneous".

Judgment affirmed.

All concur.