STATE *vs.* PATRICK J. CUSACK and HOMER H. HICKMAN.

1. TRESPASS—UNLAWFUL USE OF MOTOR VEHICLES—PURPOSE OF ACT.

26 *Del. Laws, c.* 146, § 3, as amended by 27 *Del. Laws, c.* 138, § 1, which is part of an act for the protection of owners of motor vehicles, and provides that any person who shall take and operate the motor vehicle of another, without the consent of the owner or the person in charge, shall be guilty of a misdemeanor, was designed, not only to protect the owner of motor vehicles in the possession and operation of their cars, but indirectly to protect the public from consequences of the improper use of motor vehicles.

2. TRESPASS—MOTOR VEHICLES—STATUTE.

The act is not restricted to the taking and operation of a motor vehicle by one who has no relation whatever to the owner, but extends to and includes a servant or bailee, who improperly takes and uses the car for his own purposes without the owner's consent; and hence a chauffeur who operates a car without the owner's consent comes within the act, and in a prosecution for such offense the question of guilt depends upon whether the owner gave consent.

3. TRESPASS—MOTOR VEHICLES—OFFENSES.

In a prosecution under 26 *Del. Laws, c.* 146, § 3, as amended by 27 *Del. Laws, c.* 138, § 1, making the operation of motor vehicles without the owner's consent an offense, where accused, who was employed to repair the car, rode with the owner's chauffeur, a showing that accused believed that the chauffeur was testing the car in accordance with the owner's direction is a complete defense.

4. CRIMINAL LAW—TRIAL—REASONABLE DOUBT.

In a criminal prosecution, the defendants are to be given the benefit of all reasonable doubts.

(*September* 17, 1913.)

Judges CONRAD and WOOLLEY sitting.

*C. Dare Hopkins* for the state.

*James Saulsbury* and *Richard S. Rodney* for the prisoners.

Court of General Sessions, New Castle County, September Term, 1913.

Patrick J. Cusack and Homer H. Hickman were indicted (No. 4, September Term, 1913) for a violation of the act for the protection of owners of motor vehicles.

The prosecuting witness was the owner of an automobile and testified that he took the automobile to the blacksmith shop of the prisoner Cusack to be repaired; that the automobile was driven from his home to the blacksmith shop by the prisoner Hickman; that the machine was his own and in his own charge;

that during the period of time in which the automobile remained at the blacksmith shop, Cusack and Hickman took and operated it without his consent or the consent of any person having the car in charge and went on an expedition for their own pleasure.

Opposed to this testimony Hickman testified that his occupation was that of a chauffeur, that in the daytime he was engaged by one man and in the nighttime by the owner of this car; that he lived with the prosecuting witness and received his board in pay for such services as he could render the prosecuting witness as a chauffeur by night; that he operated and ran the car exclusively, the owner being unfamiliar with its mechanism and operation; that this relation of night chauffeur to the owner existed for a number of months; that upon the occasion referred to the prosecuting witness directed him to take him in his car to Cusack's blacksmith shop and there instructed him to assist Cusack, the blacksmith, in dismantling the car, straightening the axle and adjusting the steering gear. This the defendant testified was done.

It was further testified by Hickman and other witnesses that the prosecuting witness, the owner of the car, directed Hickman not to return the car to the garage until he had given it a trial and determined that it was all right. Hickman took the car from the shop on the evening of the day upon which it was delivered to Cusack for repairs and in driving it a short distance of four or five miles met with various mishaps, which disclosed the fact that he and Cusack were out with the car of the prosecuting witness.

Cusack testified that he is a blacksmith, that under the owner's direction he repaired the car, with Hickman's assistance, that he thought Hickman was the owner's chauffeur, that the owner directed Hickman to test the car and when Hickman started out with the car he went with him as a companion, the car being taken and exclusively operated by Hickman.

WOOLLEY, J., charging the jury:

[1, 2] Gentlemen of the jury:—The defendants in this case are jointly indicted for a violation of the statute entitled

27 Del.]     State vs. Cusack and Hickman.     471

Charge.

"An act for the protection of owners of motor vehicles," one of the provisions of which is that "any person who shall take and operate the motor vehicle of another without the consent of the owner thereof, or a person having the same in charge, shall be guilty of misdemeanor and upon conviction thereof" shall be subjected to a certain penalty. *Section* 3, *Chapter* 146, *Volume* 26, *Laws of Delaware; Section* 1, *Chapter* 138, *Volume* 27, *Laws of Delaware.*

This statute was designed to protect the owners of motor vehicles in the possession and operation of their cars, and indirectly to protect the public from the consequences of the improper use of motor vehicles. According to this statute the offense consists of the taking or operating of the motor vehicle of another without the consent of the owner. In cases where this charge is made, the important point in controversy is very apt to be the matter of consent. The scope of this statute is not restricted to the taking and operation of a motor vehicle by one who has no relation whatever to the owner, but extends to and includes one who may have a general relation or a special relation to the owner, such as servant or bailee, for it is intended by the statute to prevent a servant or a bailee improperly taking and operating a motor vehicle quite as well as it is intended to protect the owner and the public from the taking of the same by a stranger. In other words, a chauffeur employed to operate a machine, or a garage manager or a garage employee engaged to care for or repair a machine, who exceeds the contract of his employment by taking and operating his employer's machine without his employer's consent, is just as amenable to the provisions and punishments of this law as one, who without any relation to the owner, takes and operates a machine without the owner's consent.

In the case under consideration the first question is not simply whether Hickman was the servant or chauffeur of the owner, for the determination of that question alone would not determine the issue of his guilt or innocence under this statute, but whether as the servant or chauffeur of the owner or in any other capacity, he took and operated the machine without the owner's

consent. If he was the servant or the chauffeur of the owner and did not have the consent of the owner to take and operate the machine for his own private purpose and pleasure, then he violated the provision of this act. If on the contrary he has satisfied you from the evidence, that in taking and operating the machine, which facts are not denied, he did not take and operate the machine for his own pleasure and purpose, but did so under the particular direction and for the special purpose indicated by the owner, then he is not guilty.

With respect to Hickman, therefore, the question for your determination is whether he took and operated the machine without the owner's consent.

[3] The second question is whether Cusack took and operated the machine without the consent of the owner. Cusack denies either taking or operating the machine. You are to decide whether Cusack took the machine at all, and if you find, as it is not denied that Cusack went with Hickman, that he went with Hickman knowing or believing that the machine was taken by Hickman without the consent of the owner, or under circumstances sufficient to make him believe that Hickman was taking the machine without the consent of the owner, then Cusack is an accomplice and is equally guilty with Hickman, should Hickman be found guilty. But if you have reason to believe the machine was taken by Hickman with the owner's consent and not in a manner violative of the law, or under circumstances that would justify Cusack in believing that Hickman's possession of the machine was a lawful possession, then Cusack is not guilty.

[4] Giving to the defendants the benefit of all reasonable doubts in the case, you are instructed that you may render one of several verdicts, namely, that the two defendants are not guilty, that one or the other of the defendants is guilty, or that both of the defendants are guilty.

Verdict, not guilty.