STATE of Missouri, Respondent,

v.

Willie James TATE, Appellant.

No. 53897.

Supreme Court of Missouri,

Division No. 2.

Feb. 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Martin M. Lipsitz, Special Asst. Atty. Gen., St. Louis, for respondent.

Paul J. Kaveney, St. Louis, for appellant.

STOCKARD, Commissioner.

Willie James Tate was convicted by a jury of driving, using and operating the Buick automobile of Cecil Griffin without his permission, § 560.175, RSMo 1959, V.A.M.S., and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S., was imposed at imprisonment for a term of four years. He has appealed from the ensuing judgment.

On December 8, 1967, Cecil Griffin parked his 1960 Buick automobile on the street in front of his house at 2305 North Kingshighway in the City of St. Louis. The next morning the automobile was gone. On December 10, 1967, Mr. Griffin saw his automobile parked at 2700 Cora Street. He called the police, but by the time they arrived the automobile had been moved. Mr. Griffin and the police later discovered it in front of 4372 Cote Brilliante. When defendant entered the automobile and started to drive away he was arrested.

Defendant did not testify, but he called as a witness Grover Cleveland McKinney, Jr., who at time of trial was an inmate of the city jail. McKinney testified that on December 10, 1967, his cousin, Carlos Gaines, turned over to him a 1960 Buick automobile which he thought belonged to Gaines. McKinney was driving the Buick automobile on Newstead Avenue when he saw defendant, and he stopped and offered him a ride. They then drove to where defendant's Cadillac automobile was parked

on Cora Street. It had a flat tire, and McKinney agreed to loan defendant the Buick automobile so he could go to a hospital to obtain treatment for an injured hand. Gaines testified that he told defendant that the Buick belonged to him, that is, Gaines. Defendant drove away in the Buick automobile but he did not return, presumably because he was later arrested.

Defendant's first point is that the trial court erred in refusing to direct a verdict of acquittal because "the State failed to show proper evidence of ownership of the vehicle." Defendant argues that the best evidence of ownership would have been the title to the automobile issued by the State of Missouri.

At the time Mr. Griffin testified that he was the owner of the Buick automobile defendant made no objection. It may be that the title to the automobile would have been what is referred to as the best evidence of ownership, but the State's evidence was sufficient to support a finding by the jury that Mr. Griffin was the owner, State v. Wahlers, Mo., 56 S.W. 2d 26, and defendant cannot now complain on appeal that other, and what he calls better, evidence should have been presented.

Defendant next asserts that Instruction 1 was prejudicially erroneous because it failed to cover all the law of the case in that it ignored defendant's theory of defense which was that he had no criminal intent to operate or use the automobile without the permission of the owner. The substance of this contention is that defendant received permission to use the automobile from the person whom he thought was the owner and in lawful possession of it without knowledge on his part that it was stolen.

The provisions of § 560.175, RSMo 1959, V.A.M.S., applicable to this case are that "No person shall drive, operate, use or tamper with a motor vehicle * * * without the permission of the owner there-

of." In State v. McLarty, Mo., 414 S.W.2d 315, this court held that criminal intent is an essential element of the crime of tampering with a motor vehicle. For the reasons set forth in the McLarty case that criminal intent is an essential element of the crime of tampering with a motor vehicle, criminal intent is also an essential element of the crime of driving, operating and using a motor vehicle without the owner's permission.

Defendant's evidence, if believed, would authorize but not necessarily compel a finding that defendant had no intent to operate the Buick automobile without consent of the owner, and that when he drove the Buick he did so with the belief that he had the permission of Mr. McKinney, and that Mr. McKinney was the owner in lawful possession with authority to grant him permission to use and operate it. Since criminal intent is an essential element of the offense charged, the evidence of defendant if believed would constitute a defense. However, Instruction 1, the verdict directing instruction, authorized a finding of guilty if the jury found that defendant unlawfully, wilfully, and feloniously drove, used and operated the Buick automobile which was the property of Cecil Griffin without his permission. There was no instruction recognizing the defense of driving, operating and using the automobile with the honest belief that the defendant had permission to do so from a person he in good faith believed to be the owner and in lawful possession of it.

Supreme Court Rule 26.02, V.A. M.R., requires the court to instruct the jury upon "all questions of law necessary for their guidance in returning their verdict." An instruction which purports to cover the whole case but which entirely ignores a defense supported by evidence is erroneous and constitutes reversible error. State v. Drane, Mo., 416 S.W.2d 105, 108; State v. Winn, Mo., 324 S.W.2d 637. In the Drane case this rule was applied to a case identical to this one in principle. There the defendant was charged with driving,

operating and using an automobile without the permission of the owner, and his defense, supported by evidence, was that he had in good faith purchased the automobile from one he believed had the right to sell it. For the reason that the "verdict-directing instruction purported to cover the whole case but it ignored this amply supported defense," it was held that the instruction was prejudicially erroneous. We consider the defense in the Drane case to be more readily believable than that of defendant in this case, but whether it should be believed was an issue for the jury upon proper submission by the instructions.

The State attempts to distinguish the Drane case on the basis that there the defendant was operating the automobile with the permission of the person whom he "believed to be the owner," but in this case the defendant "did not prove that he had such permission." His evidence did authorize a finding that he was operating the automobile with the permission of the person who told him that he was the owner, and there was no evidence of circumstances which would make this unbelievable as a matter of law. We consider this difference not to destroy the contention of defendant that if his evidence is believed there would not be present the essential element of criminal intent. See Patterson v. State, 80 Tex.Cr.R. 322, 189 S.W. 952, and State v. Cusack, 27 Del. 469, 89 A. 216.

■ Instruction 1 contains the closing phrase, "and unless you so find the facts to be, beyond a reasonable doubt, you will acquit defendant." The State asserts that this adequately presented any defense of defendant This court ruled otherwise in State v. Busch, 342 Mo. 959, 119 S.W.2d 265.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.