STATE of Missouri, Respondent,

v.

James COSTELLO, Appellant.

No. 37667.

Missouri Court of Appeals,
St. Louis District.

Dec. 28, 1976.

Robert A. Hampe, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant, James Costello, waived his right to be tried by a jury and was found guilty by the court of operating the automobile of Cora Hayes without her permis-

sion in violation of § 560.175 RSMo 1969, and was sentenced to the custody of the Department of Corrections for a term of five years. We affirm.

On November 20, 1974, Cora Hayes parked her white over blue 1966 four door, six cylinder Oldsmobile in front of her residence at 4946 St. Vincent in the City of St. Louis. About an hour later she discovered that it had been taken. She had given no one permission to use it.

On December 10 Police Officer Liggett stopped the Hayes automobile while it was being driven by appellant. The bottom part which had been blue had been painted black, and the lock on the right front door had been punched out. Appellant told Officer Liggett that the automobile belonged to his brother who had owned it for about a year, and that he did not know why his brother did not have a city license for the automobile. The "vehicle I.D. number" plate on the door of the automobile appeared to have been "tampered" with, and subsequent investigation disclosed that the number on the door plate did not correspond with the manufacturer's number located on the frame of the automobile. There was a key in the ignition but it would not open the lock on the left front door, and there was no key to the trunk.

Appellant offered in evidence what was identified as a Missouri Certificate of Title issued to Ollie Costello, appellant's brother, dated July 15, 1974, for a 1966 Oldsmobile, four door, six cylinder automobile with a manufacturer's number identical to that contained on the plate of the door of the Hayes automobile when it was recovered.

Appellant testified that on the morning of December 10, 1974, he was taking his brother to work when the police stopped him. The record does not disclose whether this brother was Ollie Costello. Appellant testified that his brother, presumably Ollie, was in California, and that his brother and mother had sent the certificate of title to him from California. He also stated that "his brother" was in St. Louis when he was arrested, and that although his brother knew appellant had been arrested, appellant had not told him the reason for the arrest.

Appellant's only contention on this appeal is that the evidence was "insufficient to prove criminal intent" on his part.

In *State v. McLarty,* 414 S.W.2d 315 (Mo. 1967), it was held that criminal intent is an essential element of the offense of tampering with an automobile, and in *State v. Tate,* 436 S.W.2d 716, 718 (Mo.1968), it was stated that "For the reasons set forth in the *McLarty* case that criminal intent is an essential element of the crime of tampering with a motor vehicle, criminal intent is also an essential element of the crime of driving, operating and using a motor vehicle without the owner's permission."

■ Appellant cites *State v. Drane,* 416 S.W.2d 105 (Mo.1967); *State v. Edmonson,* 309 S.W.2d 616 (Mo.1958); and *State v. Tate,* supra. Each of these cases pertains to whether the failure to submit the issue of criminal intent to the jury resulted in the failure of the court to instruct upon all questions of law. See Rule 26.02. However, this case was tried by the court without a jury, and other than establishing criminal intent as an essential element of the offense, they are not particularly helpful.

■ Intent is usually not susceptible of direct proof but may and generally must be established by circumstantial evidence. *State v. Chevlin,* 284 S.W.2d 563 (Mo.1955); *State v. Beckemeyer,* 423 S.W.2d 687 (Mo. 1968); *State v. McCreary,* 504 S.W.2d 132 (Mo.App.1973). In determining the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the State, and we accept all substantial evidence and legitimate inferences fairly deducible therefrom which tend to support the judgment, and we reject contrary inferences. *State v. McCreary,* supra. Also, the trier of fact is not required to accept appellant's explanation of his possession of the stolen automobile.

In this case appellant admitted that he knew the door lock had been punched out

and that the lower part of the automobile had been repainted. Although he contended that he in good faith thought he was operating his brother's automobile, he admitted that he never told his brother that he had been arrested for being in possession of that automobile on the basis that it had been stolen, and it may be presumed he also did not tell his brother that the automobile had been confiscated by the police. He testified that he knew his brother had possessed the automobile for a year, which was an impossibility because it was in the possession of Cora Hayes until November 20, 1974. There is considerable mystery concerning the certificate of title dated July 15, 1974. Apparently that title referred to an automobile from which an identification plate had been taken and placed on the Hayes automobile. But, the date on the certificate of title is not consistent with when appellant stated his brother acquired the automobile, and on July 15, 1974, the automobile on which the plate was found was in the possession of Cora Hayes. The certificate of title could not in any event have referred to the Hayes automobile because the number on the plate, a detachable item, did not match the number on the frame.

Appellant's exclusive and unexplained possession of the recently stolen automobile, as in stealing and burglary cases, *State v. Durham,* 367 S.W.2d 619 (Mo.1963), authorizes an inference of knowledge that the automobile was stolen. "If the trier of fact does not believe the explanation of the defendant [as the Court obviously did not in this case], the possession is unexplained, and the inference from unexplained recent, exclusive and conscious possession is permissible." *State v. Clark,* 438 S.W.2d 277, 279 (Mo.1969). See also *State v. Denison,* 352 Mo. 572, 178 S.W.2d 449 (1944).

These circumstances are inconsistent with appellant's contention of lack of criminal intent. The circumstances are not of themselves conclusive, but they need not demonstrate an absolute impossibility of innocence, *State v. Aguilar,* 429 S.W.2d 754 (Mo.1968). When considered together with the permissible inferences they point so clearly and satisfactorily to appellant's guilt to exclude every reasonable hypothesis of innocence.

We find sufficient evidence to sustain the judgment, and it is therefore, affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.