Evelyn L. WILSON, Movant–Respondent,

v.

STATE of Missouri,
Respondent–Appellant.

No. 11825.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 17, 1980.

Motion for Rehearing and for Transfer
Denied Oct. 3, 1980.

Application to Transfer Denied
Nov. 12, 1980.

John A. Watkins, Greenfield, for movant·respondent.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondent·appellant.

PREWITT, Judge.

The state appeals from the trial court's ruling in movant's favor on her motion filed

pursuant to Rule 27.26, V.A.M.R. Our review is limited to determining if "the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j), V.A.M.R.

Movant was charged with selling marijuana to an undercover narcotics agent. She pled guilty against the advice of her appointed counsel. He informed the judge who accepted the plea that she had a defense due to entrapment. There was evidence that her confidence in the attorney had been undercut by others, including her prospective mother–in–law, who on at least one occasion prior to the plea had acted as a bailiff for the trial court. She also told movant that if movant sold the marijuana then movant was guilty. On a form submitted to the court before the plea, movant stated that the undercover agent "asked me to get him some marijuana, so I bought an ounce & sold him half". In questioning by the judge prior to accepting the plea, she admitted that she had sold the marijuana. The judge then inquired, "He must have heard that you had marijuana available and had it for sale or why else would he have come?" She replied, "He said he just happened in the store, that he wasn't looking for anything." There were no other questions asked regarding entrapment before the plea was accepted and movant sentenced.

The motion was determined in movant's favor on two grounds or combinations thereof: (1) that the trial court did not sufficiently explore the proposed defense of entrapment to determine if the plea was voluntarily and intelligently made, and (2) that at the time of the plea movant was "effectively without counsel" and the court was obligated to then follow § 600.051, RSMo Supp.1976, which requires a written waiver of counsel form.

The trial judge hearing the motion, after denying relief on other grounds, considered "whether the trial Court made sufficient inquiries of the movant with respect to the facts of the case touching upon the defense of entrapment and whether she was effectively without counsel at the time of her plea." The trial court then determined that before the plea was accepted the judge should have made further inquiry "as to whether movant would have available to her a defense of entrapment", and that the failure to do so "entitles movant to the relief as prayed".

Rule 25.04, V.A.M.R., in effect at the time of the guilty plea, required that a court not accept a plea "without first determining that the plea is made voluntarily with understanding of the nature of the charge." The test in determining the validity of a guilty plea is whether in fact the plea was voluntarily and intelligently made. *Williams v. State*, 560 S.W.2d 887, 888 (Mo. App.1978). Before accepting the plea the court was not required to explain to movant every element of the crime to which she was charged if by her answers she expressed an awareness of the nature and elements of the charge to which she pled guilty. *Jones v. State*, 581 S.W.2d 386, 388 (Mo.App.1979).

A defendant must understand the nature of the charge; and where he pleads guilty, but denies an essential element of the offense, it demonstrates that he did not understand the nature of the charge, and he should be entitled to withdraw his plea of guilty. *Davis v. State*, 499 S.W.2d 445, 449, (Mo.banc 1973); *McIntosh v. State*, 559 S.W.2d 598, 600 601 (Mo.App.1977).

Where the criminal intent originates in the mind of the defendant, it is no defense that an opportunity is furnished, or that an officer aids in the commission of a crime; but where the criminal intent originates in the mind of the officer, and the accused is lured into the commission, it is the general rule that this is entrapment, and no conviction may be had. *Kansas City v. Martin*, 369 S.W.2d 602, 606 (Mo.App. 1963). Also see "Entrapment to commit offense with respect to narcotics law", 33 A.L.R.2d 883. Once substantial evidence of entrapment is introduced, nonentrapment becomes an element of the offense, and the state must rebut the inference of unlawful inducement. *State v. Devine*, 554 S.W.2d 442, 447 448 (Mo.App.1977).

Movant pled guilty, but in effect denied an essential element of the offense;

that the intent to commit the act originated in her mind. Movant's evidence, if believed, would indicate that there was entrapment and a luring of movant into commission of the offense by persuasion and trickery. See *Williams v. State*, 437 S.W.2d 82, 87 (Mo.1969). The narcotics agent dated movant and furnished her, a minor, with alcohol on two occasions, including at the time of the sale. The record here would support a finding by the trial court that movant did not understand the nature of the charge because she did not understand the defense of entrapment and due to influence on her from others did not respect her attorney enough to follow his advice. At the time of the plea she stated nothing that would indicate that the offense originated in her mind, but indicated that it originated solely in the mind of the undercover agent, and that she procured the marijuana at his request. She admitted no facts which would negate the defense of entrapment. At the hearing on her motion she said she sold him half because he was being "nice" to her and she wanted to be "nice" to him and wanted him to like her. We believe that there was a legitimate basis for the trial court's determination that the plea should not have been accepted without further inquiry. We cannot say, under the unique facts here, that this determination was clearly erroneous.

We are mindful of cases which have held that defenses, such as entrapment, may be waived by a plea of guilty. See *Williams v. State*, supra, 437 S.W.2d at 86-87. However, this requires a "voluntary and intelligent waiver". *Rice v. State*, 585 S.W.2d 488, 494 (Mo.banc 1979). If movant was unaware that the state had the burden of showing entrapment was not present, and if she had been lulled into believing that the sale alone made her guilty, then she did not voluntarily and intelligently plead guilty and did not voluntarily and intelligently waive this defense.

We do not reach and do not decide whether the trial court was correct that a waiver of counsel form was required by § 600.051.

The judgment is affirmed.

All concur.