**Matthew SIMPSON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32655.**

Missouri Court of Appeals,
Western District.

June 15, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

John E. Turner, Kansas City, for movant.

John Ashcroft, Atty. Gen., and Kelly Klopfenstein, Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Movant Matthew Simpson appeals from the trial court's denial, after an evidentiary hearing, of his Rule 27.26 motion. The motion sought to withdraw his plea of guilty to the charge of felonious assault with intent to do great bodily harm without malice aforethought, § 559.190, RSMo 1969 (repealed January 1, 1979), and have the judgment and sentence vacated. The court upon his guilty plea in the original case had suspended the imposition of sentence and had placed Simpson on probation for two years. Later, Simpson's probation had been revoked and he had been given a sentence of four years' imprisonment.

Simpson had been charged with assault with intent to do great bodily harm, § 559.-180, RSMo 1969 (repealed January 1, 1979). On the morning that the trial was to begin, the prosecutor offered to reduce the charge to the lesser included offense of assault without malice aforethought in exchange for a plea of guilty. Simpson pleaded guilty.

At the guilty plea hearing, Simpson stated that on the night the incident in question occurred, he had friends at his house. The infant son of one of his guests kept crying. In order to quiet the baby, Simpson picked up the baby and shook him. The baby's back touched the metal hood of the fireplace, which caused the baby to suffer third-degree burns. Simpson alleged that he never intended to hurt the child.

In his Rule 27.26 motion, Simpson alleges that the trial court erred in failing to sustain his motion for relief for the reason that his plea was not knowingly and voluntarily made in that he did not know the nature of the charges against him. Movant relies on *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), for the proposition that his guilty plea should not have been accepted because he was not apprised of the elements of the crime to which he pleaded guilty. He claims that he did not know that intent was an essential element of the crime of assault without malice aforethought.

In order to satisfy due process, *Henderson* requires that the criminal defendant know the elements of the crime to which he is pleading. The defendant in *Henderson* was indicted for first-degree murder, but pled guilty to second-degree murder on his attorney's advice. The record showed that the defendant was never apprised of the elements of first or second-degree murder, nor was he aware that intent was a requisite element. The defendant in *Henderson* possessed substantially below average intelligence.

Movant's case is distinguishable from *Henderson*. A reading of the transcripts shows that Simpson had at least average intelligence. Further, two factors are to be noted which would have brought home to defendant the fact that intent was an element of the crime. First, Simpson acknowledged that his attorney explained to him the elements of assault with malice aforethought before the guilty plea proceeding. This explanation would necessarily have included a description of the intent element. Second, the prosecutor clearly stated that the state was reducing "the charge from Assault with *Intent* to do great Bodily Harm with Malice to Assault with *Intent* to do Great Bodily Harm without Malice" (our emphasis). In questioning Simpson at the guilty plea hearing his attorney also stated the original charge and the reduced charge. By hearing the charges read back to back, Simpson should have been aware that the only difference in the charge to which he was pleading was an absence of malice aforethought, and that intent was still required. He would have known what intent meant because of his attorney's explanation of the elements of assault with malice aforethought.

The test for determining whether a plea was voluntarily and intelligently made "is not a particular ritual or whether each and every detail is explained to a defendant but whether in fact the plea is voluntarily and intelligently made". *Baker v. State*, 524 S.W.2d 144, 147 (Mo.App.1975). *See*

*also Flood v. State*, 476 S.W.2d 529, 534 (Mo.1972); *Giles v. State*, 562 S.W.2d 106, 108 (Mo.App.1977). The trial court is not required to explain every element of the crime to which a person pleads guilty. *Jones v. State*, 581 S.W.2d 386, 388 (Mo. App.1979). It is sufficient if the movant, through his answers to questions, expresses an awareness of the nature and elements of the charge to which he pleads guilty. *Giles v. State*, 562 S.W.2d at 109.

At the Rule 27.26 evidentiary hearing, Simpson testified that he did not know that he had to intend to burn the child in order to be convicted of the crime of assault without malice aforethought. The following testimony from the guilty plea hearing shows, however, the court did discuss intent with Simpson and that Simpson understood the nature and elements of the charges against him:

THE COURT: Do you also understand, if the jury, from the testimony that the State would present, would infer you held the child against the fireplace in order to punish it for crying, that you intended it to be maybe not burned but at least caused a discomfort by being that close to the fireplace, that that's what a jury could infer, if you went to trial?

THE DEFENDANT: Yes, I understand.

THE COURT: So you are not saying necessarily—you are not—you claim you didn't intend to hurt the child, but the fact of the matter is that the State's evidence would indicate that you did, and, therefore, you have—well might be convicted if you stood trial?

THE DEFENDANT: Yes, sir, to the mere fact the baby was burned.

THE COURT: That's why you want to plead guilty, because you don't want to take that chance, is that true?

THE DEFENDANT: That, along with the child was burnt, Your Honor.

THE COURT: Okay. Well, what is your position? Did you intend the child be burned when you held it up there?

THE DEFENDANT: No, sir, not under any circumstances.

QUESTION (by defense counsel): You understand, if we went to trial on this, not only would the court instruct on the issue of Assault with Intent to do Great Bodily Harm with Malice, the Court would also instruct on lesser included offenses?

ANSWER: Yes, sir....

QUESTION: And again, that option, you feel, since that—the baby's back was burnt, the jury is more than likely going to find you guilty of a lesser included offense?

ANSWER: Yes.

Movant has consistently maintained that he did not intend to burn the infant. The protestation of innocence brings the case within the ambit of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In *Alford*, the defendant pled guilty, but denied having committed the offense. Alford made a tactical decision to plead guilty to second-degree murder in order to escape the possible death sentence that could be imposed if he was convicted of first-degree murder. Justice White, writing for the court, concluded:

[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

*North Carolina v. Alford*, 400 U.S. at 38, 91 S.Ct. at 167.

■ Movant alleges that § 546.020, RSMo 1978, prohibits an *Alford*-type plea. This statute states that when a defendant "does not confess the charge to be true, a plea of not guilty shall be entered". However, the Missouri Supreme Court has recognized the validity of the *"Alford"* plea.

In *Bradley v. State*, 494 S.W.2d 45 (Mo. 1973), the movant's Rule 27.26 motion, among other grounds, alleged that he was innocent, but he pleaded guilty anyway because any sentence he received did not matter since he already had a life sentence. The court, on reliance on the language quoted in *North Carolina v. Alford*, supra, rejected movant's point. 494 S.W.2d at 48. *See also Robinson v. State*, 482 S.W.2d 492 (Mo. 1972); *Giles v. State*, supra.

Movant, admitting that cases citing *Alford* do exist, further claims that his plea should not have been accepted in light of then Rule 25.04 (1978). That rule required the court to enter a plea of not guilty if the defendant's plea was equivocal. He further cites to *Davis v. State*, 499 S.W.2d 445 (Mo. banc 1973), which held that "*Alford* is not a refuge available to insulate pleas of guilty from attack when the record shows the plea not to have been entered voluntarily *and* with an understanding of the charge." 499 S.W.2d at 448 (emphasis ours).

■ It has already been shown that Simpson had the requisite understanding of the charge to which he pleaded guilty. Further, the record shows that his plea was not equivocal. As in *Alford*, movant made a tactical decision to plead guilty. His previously cited testimony shows that he felt the jury might convict him for the greater offense of assault with malice aforethought. He also knew that the state could present a strong case against him. Further, the record shows that his attorney explained the full range of punishment that could be imposed if the jury found him guilty. The trial court also informed him that the jury could find him guilty of a lesser included offense than the crime charged. Simpson's testimony indicates that he did not want to take the chance that the jury would convict him. He made a "voluntary and intelligent choice among the alternative course of action open to [him]". *North Carolina v. Alford*, 400 U.S. at 32, 91 S.Ct. at 164.

We hold that the trial court's determination that movant's plea was valid under *North Carolina v. Alford*, supra, was not clearly erroneous, and that the movant is entitled to no relief under Rule 27.26(j).

The judgment of the trial court is affirmed.

All concur.