**Michael VAN MOORE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13280.

Missouri Court of Appeals, Southern District, Division II.

March 19, 1984.

Carr L. Woods, Garrett & Woods, Monett, for movant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Presiding Judge.

The movant was charged as a persistent offender under § 558.016 with having committed burglary in the first degree in violation of § 569.160. He had five prior felony convictions. Following a plea agreement, he entered a plea of guilty to an amended charge of burglary in the first degree. In accordance with that agreement, he was sentenced to imprisonment for eight years. He contends the trial court erred in denying his attack upon that sentence by his motion under Rule 27.26.

In so contending his diligent counsel presents virtually every basis the movant presented in his motion. However, movant's right to relief is not to be determined by what he alleged. He had the burden of proof to establish a basis for relief by a preponderance of the evidence. *Cherry v. State*, 625 S.W.2d 681 (Mo.App. 1981). In measuring the evidence, the trial court was not bound by the testimony of the movant. It could accept contrary evidence. *Johnson v. State*, 615 S.W.2d 502 (Mo.App.1981). It could reject that testimony even where uncontradicted. *Williams v. State*, 605 S.W.2d 222 (Mo.App. 1980). Under these precepts, as hereafter demonstrated, the findings of the trial court denying the relief sought are supported by the evidence and not in error. *King v. State*, 639 S.W.2d 396 (Mo.App. 1982).

The movant's first point is that he received ineffective assistance of counsel. His argument counsel did not contact his therapist at a mental health center is without foundation. Counsel testified that he did and recounted the report the movant had no psycho-neurosis problem. The court was entitled to disregard the testimony of the therapist he did not recall such contact. It should be noted the therapist did not see the movant until two months after the offense and had no opinion concerning his mental condition at the time of the offense. It was, however, his opinion the movant was able to assist with his defense.

Movant's other complaints concerning counsel are similarly refuted by the evidence. Counsel did frequently consult with the movant, participated in a preliminary hearing and was thoroughly familiar with the facts and elements of the offense charged. Movant's contention he committed no burglary because in taking $1000 from a desk he entered through an open door, a room in the grocery store not open to the public, is equally without foundation.

*State v. McGinnis*, 622 S.W.2d 416 (Mo. App.1981). His testimony the plea form was prepared in four and one-half minutes was unworthy of belief and contrary to other evidence. His testimony he did not consent to the withdrawal of a change of judge was refuted by counsel's testimony. There is evidence movant was well represented by experienced, able counsel. The movant's first point is denied.

 The movant's second point is that his plea was not made freely, voluntarily and intelligently with full knowledge of his constitutional rights. This point too is without factual basis. As stated, before entering his plea he prepared and signed a plea form. In that statement he acknowledged awareness of those constitutional rights and an understanding of each of the consequences mentioned in Rule 24.02. He further acknowledged his plea was voluntary and recited the facts of the offense. Movant's professed lack of knowledge must be considered against the background of his five prior felony convictions. A factual basis for his second point was refuted by the testimony of counsel and the victim at the hearing upon the motion under Rule 27.26. It was likewise refuted by the record of the plea proceeding at which the defendant was represented by counsel. The court did inform the movant of the charge and range of punishment. That record in its entirety demonstrates the guilty plea was an informed decision of movant. *Simpson v. State*, 637 S.W.2d 728 (Mo.App.1982). The speciousness of his second point is emphasized by a portion of the record dealing with the plea form which reads as follows:

Mr. Moore, the Court has before it Defendant's Exhibit A, and did you answer each of those questions on that form?

DEFENDANT: Yes, sir.

THE COURT: And are all of those answers on there true and correct, Mr. Moore?

DEFENDANT: Yes, sir.

THE COURT: Mr. Moore, do you have any question at all about any of the proceedings, either in the Associate Division of Circuit Court of Barry County or in the Circuit Court in Barry County or any question about this proceeding here today in Lawrence County?

DEFENDANT: No, sir.

The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.