**In the Interest of V.L.P., Juvenile Officer of Jackson County, Respondent,**

v.

**V.L.P., Appellant.**

**No. WD 52979.**

Missouri Court of Appeals, Western District.

June 30, 1997.

Madonna Limberg, Kansas City, for Appellant.

Don Cain, Kansas City, for Respondent.

Before HANNA, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

PER CURIAM.

This is an appeal from the decision of the juvenile court sustaining the allegations wherein V.L.P. was charged with knowingly operating a 1995 Ford Contour automobile without the consent of the owner, Enterprise Leasing, in violation of § 569.080, RSMo 1994. The single issue on appeal is whether the evidence is sufficient to sustain the charge that the juvenile knowingly operated the vehicle without the owner's permission.

The juvenile officer presented two witnesses whose testimony covered a little over six pages of the transcript on appeal. From this sketchy evidence, the following facts were developed. Enterprise rented the car to Ms. Ward on January 8, 1996. Subsequently, at a date undetermined, Enterprise

was notified that the car had been stolen. On May 9, 1996, V.L.P. was driving the vehicle on Independence Avenue to take a friend on an errand when he was stopped by the police and arrested. Enterprise, as the owner, testified through its employee that only Ms. Ward had permission to drive the automobile. The arresting officer testified that he first observed V.L.P. operating the vehicle for several blocks traveling westbound on Independence Avenue, and he then stopped the vehicle. V.L.P. was accompanied by a young female. The officer also observed that the steering column was not broken, the windows were not broken, and that the keys to the car were in the ignition.

V.L.P. testified that, at approximately 4:00 P.M. on May 8, 1996, he was walking to his aunt's house. His cousin, DeWayne Stone, who was driving a 1995 Ford Contour, pulled up and asked him if he wanted to ride to Elizabeth Gotell's house. V.L.P. noticed that Stone had the keys to the car. When they arrived, Gotell asked Stone to take her to pay some household bills. Mr. Stone asked V.L.P. if he would drive her on her errands, which he agreed to do. He had never driven the car before and, he testified, that he had no reason to believe that the vehicle was stolen. He drove Ms. Gotell about 12 to 14 blocks, and then he was stopped and arrested.

■ The attorney for the juvenile officer has the burden of proving each and every element of a criminal offense beyond a reasonable doubt, and if the attorney for the juvenile officer fails to meet that burden, a conviction obtained under those circumstances must be reversed. *See State v. Todd,* 805 S.W.2d 204, 205 (Mo.App.1991); *State v. Bromley,* 840 S.W.2d 288, 289 (Mo.App.1992). An appellate court must consider the evidence and all reasonable inferences drawn therefrom in the light most favorable to the decision and must disregard all inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

■ If a person operates a car with the honest belief that he has permission to do so from the owner or from a person whom he honestly believes to be in lawful possession of the car, the crime of knowingly operating a motor vehicle without the owner's consent is not committed. *Davis v. State,* 499 S.W.2d 445, 448 (Mo. banc 1973). In *Davis,* the court held that the defendant's guilty plea was involuntarily given when he testified he believed he had lawful permission to drive the car. *Id.* The burden is on the juvenile officer to prove all essential elements of the offense. See *State v. Fox,* 510 S.W.2d 832 (Mo.App.1974), where the court reversed a conviction for operating a motor vehicle without the owner's consent because the jury instruction improperly required the defendant to prove beyond a reasonable doubt that he operated the vehicle in an honest belief that he had permission from the owner. *Id.* at 837.

■ V.L.P. was "charged" under § 569.080.1(2) with "knowingly ... operat[ing] an automobile ... without the consent of the owner...." Criminal intent, statutorily and by virtue of our common law, is an essential element of the crime of tampering with a motor vehicle. Section 569.080.1(2), RSMo 1994; *State v. Tate,* 436 S.W.2d 716, 718 (Mo.1969). Intent usually is not susceptible of direct proof, but may be, and generally is, established by circumstantial evidence. *State v. Costello,* 546 S.W.2d 22, 23 (Mo.App. 1976).

■ The factual basis from which the fact finder legitimately may infer from circumstantial evidence that the defendant did not have permission includes the following: where the ignition was punched out with the wires hanging under the dashboard, *State v. Goodman,* 531 S.W.2d 777, 778 (Mo.App. 1975); where the vehicle bore stolen license plates and the defendant was arrested in the vehicle four days after it was reported missing, *State v. Crawley,* 478 S.W.2d 344, 345 (Mo.1972); or where the bottom part of the automobile had been repainted, the lock on the front right door had been punched out, it did not have a city license, the vehicle ID number plate on the door had been tampered with, and the number did not correspond with the manufacturer's number located on the frame of the automobile. *Costello,* 546 S.W.2d at 23. Simply driving a stolen auto-

**548**

mobile, without more, does not establish a sufficient factual basis to allow an inference of guilt to convict.

Further, the facts in this case do not fit the case law which holds that a defendant's exclusive and unexplained[1] possession of a recently stolen automobile, as in stealing in burglary cases, *State v. Durham,* 367 S.W.2d 619, 621 (Mo.1963), *cert. denied,* 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89 (1963), may authorize the fact finder to draw an inference that the possessor had knowledge that the automobile was stolen. *See State v. Clark,* 438 S.W.2d 277, 279 (Mo.1969); *State v. Denison,* 352 Mo. 572, 178 S.W.2d 449, 452–53 (1944).

In *State v. Goodman,* 531 S.W.2d 777 (Mo. App.1975), the automobile was stolen shortly after 4:00 P.M. on November 29th, and the defendant was arrested later that evening. *Id.* at 777–78. Although the permissible inference in *Goodman* was "greatly strengthened ... by the evidence of the punched out ignition and the twisted wires hanging below the dashboard," it was accompanied by the defendant's exclusive and unsatisfactorily explained possession of the property that had been recently stolen. *Id.* at 778. Likewise, in *Ransom,* the facts that the defendant was arrested less than two hours after the vehicle was stolen and he had exclusive and unsatisfactorily explained possession of the car, allowed the fact finder to infer knowledge. *State v. Ransom,* 500 S.W.2d 585, 588 (Mo. App.1973).

▪ The trial court was entitled to disbelieve the juvenile's explanation. However, there is no factual basis as to whether the juvenile's possession of the vehicle was recent because there is no evidence as to when it was stolen. The case law requires that guilt may be inferred from unexplained possession accompanied by evidence that the property was recently stolen.[2] The only two dates mentioned were January 8, 1996, the

date the vehicle was leased, and May 9, 1996, the date of the arrest. There is no evidence here that the property had been recently stolen before the juvenile took possession.

▪ The juvenile officer's case fails for lack of proof. The evidence is not sufficient to prove that the juvenile had the requisite criminal intent. The court's decision taking jurisdiction is reversed.

---

1. "Unexplained" is misleading. It more clearly means "disbelieved" by the fact finder. For a clarifying discussion, see *State v. Clark,* 438 S.W.2d 277, 279 (Mo.1969). The court obviously did not believe the juvenile's evidence that he had permission to drive the vehicle.

2. Evidence that property is recently stolen (and is in the exclusive and unsatisfactorily explained possession of the possessor) permits an inference that the possessor is the thief or that he has knowledge of the theft. See *State v. Ransom,* 500 S.W.2d 585, 588 (Mo.App.1973). It is then for the fact finder to either accept or reject the accused's explanation. *Id.*