In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

STATE OF MISSOURI, ) No. ED108925
 )
 Respondent, ) Appeal from the Circuit Court of
 ) Clark County
vs. ) 19SY-CR00033-02
 )
NATHANIEL JAMES FRAKES, ) Honorable Rickey R. Roberts
 )
 Appellant. ) Filed: May 11, 2021

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

 Introduction

 Nathaniel Frakes appeals the judgment of the Circuit Court of Clark County, Missouri,

finding him guilty following a jury trial of the class D felony of tampering with a motor vehicle

in the first degree. On appeal, Frakes argues that the trial court erred in denying his motion for

judgment of acquittal because there was insufficient evidence to establish all elements of the

crime, namely that Frakes knowingly operated the vehicle without the consent of the owner. We

disagree and affirm.

 Background

 The basic facts of this case are undisputed. Frakes and his girlfriend Shelby Murphy

lived with Murphy’s stepfather and her mother, Carl and Tish Snider at their Queen City,

Missouri home. The Sniders allowed Frakes and Murphy to use one of their vehicles, a Hyundai
Santa Fe, from time to time. On February 2, 2019, after a disagreement, the Sniders informed

Frakes and Murphy that they would no longer be allowed to live in the home or to use any of the

Sniders' vehicles.

 In the early morning hours of February 3, 2019, Frakes and Murphy drove away from the

Snider residence in the Hyundai Sante Fe. Mr. Snider reported the vehicle missing and identified

Frakes as the likely suspect. Later that day, following numerous tips, police located the vehicle

abandoned at a Casey’s gas station in Queen City. Police obtained the surveillance video of the

Casey’s gas station parking lot and recognized Frakes as the driver of the vehicle. The video

revealed that after Frakes parked the vehicle, he got into another vehicle which drove away.

Police recognized the other vehicle and located Frakes at that vehicle owner’s home. Frakes was

arrested and charged with tampering with a motor vehicle in the first degree.

 At trial, Frakes's defense was that he mistakenly believed that Ms. Snider had given

Murphy permission to use the car. The prosecution, for its part, presented evidence that the day

before the car was stolen, Mr. Snider told Frakes and Murphy that they were no longer allowed

to live in his home and no longer permitted to drive any of his vehicles. Deputy Sheriff

Hoewisch testified that he witnessed that conversation and followed up with Frakes and Murphy

to ensure that they each understood that they were not to drive any of the Sniders' vehicles.

 Ms. Snider testified that she had given neither Frakes nor Murphy permission to use the

vehicle the night it was stolen. Ms. Snider acknowledged that she had given Murphy permission

in the past to borrow the vehicle, but that ever since Murphy crashed the car in November 2018,

Ms. Snider required her to obtain permission each time she wished to borrow the vehicle.

 Further, Ms. Snider testified that she saw Frakes in her home the night the vehicle was

stolen and that Frakes told her that he was gathering his belongings to move out. Ms. Snider

 2
testified that she asked Frakes three times when he was leaving, to which he responded he was

waiting for a ride from a friend who was still working. Ms. Snider last saw Frakes in her home

around 2 A.M., before she went to sleep. Later, Mr. Snider woke his wife in the middle of the

night to tell her the vehicle was missing.

 The jury convicted Frakes of first-degree tampering with a motor vehicle and sentenced

him to one-year imprisonment. This appeal follows. 1

 Standard of Review

 When reviewing sufficiency-of-the-evidence claims, this Court decides whether any

rational fact finder could have found guilt beyond a reasonable doubt. State v. Nash, 339 S.W.3d

500, 509 (Mo. banc 2011). This is not an assessment of whether we believe that the evidence at

trial established guilt beyond a reasonable doubt but rather inquires whether any rational fact

finder could have found the essential elements of the crime beyond a reasonable doubt. Id. This

Court accepts as true all evidence and inferences in the light most favorable to the State and

disregards all contrary evidence and inferences. Id. In reviewing the sufficiency of the evidence,

we will neither act as a “super juror” with veto powers nor will we reweigh the evidence. Id.

Instead, we give great deference to the fact finder, who may believe all, some, or none of the

testimony of a witness when considered against the background of all the other facts,

circumstances, and other evidence in the case. Id.

 Analysis

I. There was sufficient evidence to convict Frakes of first-degree felony tampering

 with a motor vehicle.

1
 Frakes properly preserved a sufficiency-of-the-evidence claim on appeal by timely moving for
judgment of acquittal and judgment notwithstanding the verdict.
 3
 On appeal, Frakes claims he cannot be found guilty of first-degree felony tampering

because the evidence was insufficient to establish beyond a reasonable doubt that he knowingly

committed the offense. We disagree.

 A person commits first-degree felony tampering with a motor vehicle, if he or she

“[k]nowingly receives, possesses, sells, or unlawfully operates an automobile… without the

consent of the owner thereof.” § 569.080.1(2) 2. As relevant here, a person acts knowingly if he

or she “is aware of the nature of his or her conduct or that those circumstances exist. §

556.061(31).

 At trial, three witnesses, Mr. Snider, Ms. Snider, and Deputy Hoewisch, testified

regarding Mr. Snider’s conversation with Frakes, the day before Frakes took the vehicle. Mr.

Snider testified that he explicitly instructed Frakes that neither he nor Murphy were permitted to

live in his home or operate any of his vehicles. Deputy Hoewisch testified that he heard Mr.

Snider explicitly instruct Frakes that he was not to operate any of his vehicles. Further, Deputy

Hoewisch told the jury he reiterated Mr. Snider's admonishment and specifically stated the

Hyundai Santa Fe was off limits.

 Frakes argues that because he believed Ms. Snider permitted Murphy to use the vehicle

and that she was therefore in lawful possession of the vehicle, it could not be found that Frakes’s

operation of the vehicle with Murphy’s permission constituted the knowing operation of a motor

vehicle without the owner’s consent. See In the Interest of V.L.P., 947 S.W.2d 546, 547 (Mo.

App. E.D. 1997). However, the most mileage Frakes gets from this argument that he was

somehow blissfully unaware of the unlawful nature of his conduct in the face of the testimony

that he was specifically told he did not have permission is to merely create a fact question for the

2
 All statutory citations are to RSMo. 2017 unless otherwise indicated.
 4
jury which fails to satisfy his hefty sufficiency-of-the-evidence burden. State v. Nash, 339

S.W.3d at 509.

 The jury is responsible for weighing the reliability and credibility of the witnesses. State

v. Sumowski, 794 S.W.2d 643, 645 (Mo. banc 1990). The jury may choose to accept or reject all,

some or none of the testimony of any witness, including the defendant's testimony. State v.

Kilgore, 505 S.W.3d 362, 369 (Mo. App. E.D. 2016). The verdict suggests that the jury here was

not buying what Frakes was selling.

 Therefore, we find there was sufficient evidence presented for a reasonable juror to

determine Frakes was aware he lacked permission to operate the vehicle and to find Frakes guilty

of felony first-degree tampering.

 Conclusion

 For the reasons stated above, we affirm the judgment of the trial court.

 James M. Dowd, Judge

Angela T. Quigless, P. J. and
Kurt S. Odenwald, J., concur.

 5