**UNITED STATES of America**

**v.**

**Harry B. McLAUGHLIN, Sr.**

**Crim. No. 987–67.**

United States District Court
District of Columbia.

Aug. 10, 1967.

Nicholas Nunzio, Asst. U. S. Atty., Washington, D. C., for the United States.

Harry J. Ahern, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

The defendant was charged by information with unauthorized use of a motor vehicle in violation of 22 D.C.Code § 2204. Both parties waived trial by jury, and the matter was heard by the Court on August 3, 1967.

The evidence disclosed that the defendant, who is 61 years old and employed as a route man by a District of Columbia newspaper, rented an automobile for two days on November 3, 1965. On the third day, he received permission to keep the vehicle for an additional day from the lessor, Jet Rent-A-Car, which leased the car from Chrysler Leasing Corporation. However, the defendant failed to return the car on the third day. At the end of the month, the renting agency notified the police that the car was missing. The police finally located it in January of 1967, on the street in front of the house where the defendant then lived. The defendant owes over $800 to the agency for the use of the car and to reimburse it for damages done to the car while it was in defendant's possession. It appears from the evidence that the defendant was unable to pay the rent he owed for the car, and that he was afraid to return it for that reason. There is no evidence that he tried to disguise the car, or change the license plates, or in any other way to appropriate it to his exclusive benefit.

██ Our unauthorized use statute does not require that a car be stolen in order to render its use unlawful. It provides merely that

> Any person who, without the consent of the owner, shall take, use, operate, or remove, or cause to be taken, used, operated, or removed from a garage, stable, or other building, or from any place or locality on a public or private highway, park, parkway, street, lot, field, inclosure, or space, an automobile or motor vehicle, and operate or drive or cause the same to be operated or driven for his own profit, use, or purpose shall be punished by a fine not exceeding one thousand dollars or imprisonment not exceeding five years, or both such fine and imprisonment.

The key words with respect to this case are "without the consent of the owner." Clearly the defendant in this case took, used, operated, and removed the car with the express contractual consent of the agency from which he rented it and which had authority to rent it to him. The question is, quite simply, whether a use in excess of the express consent given in the contract is to be equated with use "without the consent of the owner." There is no case law on the subject in this jurisdiction.

It does not appear from the evidence that the rental agency ever served notice on the defendant that it considered the contract breached and that if he failed to return the car within a certain period of time he would be charged with a violation of the criminal laws. Nor does it appear that the agency tried to replevy the car. To hold that one using a rented car in excess of authority given is subject to prosecution under the criminal laws, in the absence of adequate notice and attempts to recover possession of the car by civil process, would be tantamount to making a person criminally liable for a simple breach of contract. It is true that this case represents an aggravated breach of contract, but the breach still appears to go no further than to the amount of time the defendant was authorized to use the car.

In United States v. One 1941 Chrysler Brougham Sedan, 74 F.Supp. 970 (E.D. Mich.1947), a car was subject to forfeiture under the laws of the United States for having been used in the transportation of narcotics. The owner of the car, a rental agency, claimed the car on the ground that it had been used in violation of three Michigan statutes, one of which makes unlawful the use of a motor

vehicle without authority but without the intent to steal, and therefore fell within an exemption of the forfeiture statute. The claimant contended that the rental contract did not permit the lessee to use the automobile for any illegal purpose. In holding that the car was subject to forfeiture, the Court commented:

> The provisions of such statutes * * * are not designed to punish one who obtains consent of the owner to take and operate his motor vehicle by misrepresentations or for a fraudulent purpose. They are directed against one who takes possession of such a vehicle without the consent of the owner.

The Court held that the words "uses without authority" could not be taken to mean "uses in excess of authority."

The agency was under no obligation to rent the car to the defendant. It did so by its own choice and on its own terms. Furthermore, the agency had ample means at its disposal to recover the car and a judgment for its rental charges by civil process.

■ The Court is constrained to observe that if the unauthorized use statute were given the interpretation for which the Government contends, it could also be utilized in that large number of cases in which motor vehicles are purchased on conditional bills of sale. For instance, if the purchaser of a vehicle fell behind in his payments and for that reason would by the contract be required to surrender the vehicle, he would by the construction for which the Government contends also be subject to criminal prosecution as the unauthorized user of a motor vehicle if he failed to comply with the contract and surrender the vehicle. The Court mentions this hypothetical parallel reasoning only for the purpose of illustrating that which seems clear to the Court, namely, that the statute is being utilized in the

instant case by the Government for a purpose not intended by the Congress.[1] The Court is not satisfied that the Government has proved its criminal case beyond a reasonable doubt and finds the defendant not guilty of a violation of 22 D.C.Code § 2204.

---

1. In accord, People v. Alaboda, 198 App. Div. 41, 189 N.Y.S. 464 (1921). See also, State v. Boggs, 181 Iowa 358, 164 N.W. 759 (1917); Blashfield, 8A Cyclopedia of Automobile Law and Practice §§ 5611–5616. Cf., People v. Gibson, 63 Cal.App. 2d 632, 146 P.2d 971; State v. Cusack (Del.) 4 Boyce 469, 89 A. 216 (1913); People v. Smith, 213 Mich. 351, 182 N.W. 64.