Raymond EVANS, Appellant,

v.

UNITED STATES, Appellee.

No. 79-176.

District of Columbia Court of Appeals.

Argued Feb. 27, 1980.

Decided July 24, 1980.

Andrew L. Lipps, Public Defender Service, Washington, D. C., with whom Silas J. Wasserstrom and Michael B. Waitzkin, Public Defender Service, Washington, D. C., were on the briefs, for appellant.

Pamela M. Sayad, Asst. U. S. Atty., Washington, D. C., with whom Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry,

Peter E. George and Constantine J. Gekas, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and HARRIS, Associate Judges.

PER CURIAM:

On November 28, 1978, after a jury trial, appellant Raymond Evans was convicted of the unauthorized use of a motor vehicle, D.C.Code 1973, § 22–2204(a). He argues that (1) his conduct did not violate § 22–2204(a), and (2) the trial court's admission of other crimes evidence constituted reversible error. We affirm.

The essential facts are not in dispute. On March 4, 1978, appellant applied to rent a car from the Hertz Rent-a-Car Agency at the Fontaineblue Hotel, Miami Beach, Florida. In support of his application, he presented a driver's license that he had obtained the day before in the name of Paul Mitchell, and an address, telephone number, and place of employment, all of which were false.[1] The application was approved; appellant signed the rental agreement with Mitchell's name and left a $100 cash deposit for a two-day rental. When the car had not been returned approximately twenty-one days later, Hertz began an investigation which turned up appellant's misrepresentations.

On May 12, 1978, while he was driving the rental car in the District of Columbia appellant was stopped. After a radio check on the car, he was arrested. A credit card issued to Enolo M. Dufilho and the driver's license bearing Paul Mitchell's name were found in his possession.

Approximately two dozen gasoline credit card receipts and two drug store receipts, charged to the account of Enolo M. Dufilho, were introduced into evidence over defense objection. All but the latter two were signed Mitchell and bore the Mitchell driver's license number and the rental car license number. The slips indicated that appellant made a cross-country trip during the period between March 4, 1978 and his arrest.

*Unauthorized Use of a Motor Vehicle*

Appellant argues that he may not be prosecuted under D.C.Code 1973, § 22–2204(a),[2] the general unauthorized use statute, because his conduct technically places him within the exclusive terms of D.C.Code 1978 Supp., § 22–2204(b), the 1976 amendment.[3] On the other hand, he contends that the latter may not be utilized because its notice provisions were not complied with. Although appellant concedes that his conduct "may well have breached [the rental] contract," he claims it did not constitute an offense under § 22–2204(a).[4]

1. The driver's license was apparently obtained on the basis of a voter's registration card bearing Mitchell's name and the address of a barber shop. The place of employment given was an auto body shop, the owner of which testified that he knew no one named either Paul Mitchell or Raymond Evans and had no employees. Paul Mitchell testified that in March 1978, he lived at the address given by appellant but did not know him. Mitchell's name, address, and telephone number were listed in the Miami telephone directory.

2. D.C.Code 1973, § 22–2204(a) states, in pertinent part:

Any person who, without the consent of the owner, shall take, use, operate, or remove, or cause to be taken, used, operated, or removed . . . [a] motor vehicle, and operate or drive . . . the same . . . for his own profit, use, or purpose shall be punished by a fine not exceeding one thou-

sand dollars or imprisonment not exceeding five years, or both . . . . .

3. Section 22–2204(b) was enacted on October 17, 1976, Pub.L. No. 94–526, 90 Stat. 2479. It makes knowing failure to return a vehicle rented pursuant to a written agreement "within eighteen days after written demand is made for its return" punishable by a fine of up to $1000 or by imprisonment for not more than three years or both. However, there may be no prosecution under this section unless certain notice provisions are complied with, including a warning in the agreement, a notice on the car's dashboard, and a proper written demand made *after* the return date specified in the agreement.

4. Appellant's contrary arguments notwithstanding, contract law principles governing election of remedies are inapplicable to bar a criminal prosecution such as this. Furthermore, it is well established that even a success-

Appellant cites *United States v. McLaughlin*, 278 F.Supp. 320 (D.D.C.1967),[5] for the proposition that, "in any case where consent to use is initially given—whether through contract or informal agreement— use beyond the initial consent does not constitute unauthorized use of a vehicle." The legislative history of § 22–2204(b), however, makes it clear that it was enacted, not, as appellant contends, to safeguard unlawful users of motor vehicles, but, primarily, to overcome such judicial roadblocks to their prosecution as that set up in *McLaughlin*.[6] *See generally* Mr. McMillan's comments on behalf of the Committee on the District of Columbia, H.R.Rep. No. 1496, 92d Cong., 2d Sess. (Oct. 3, 1972) (prior attempt to enact similar statute).

■ Thus, § 22–2204(b) was enacted to expand the reach of § 22–2204(a), which was found inadequate for that large class of cases where the use begins with the full, knowing, and valid consent of the lessor/renter and only later becomes excessive, as when "it is subsequently converted to use of the lessee, who has no real intention of returning the vehicle to its owner." S.Rep. No. 1344, 94th Cong., 2d Sess. (1976). Furthermore, it is clear that § 22–2204(b) was

not intended to be the exclusive source for prosecuting overdue rental vehicle cases: "[T]heft of a rental vehicle may be prosecuted under other District of Columbia statutes . . . and [§ 22–2204(b)] is not intended to be the sole statute to be applied in such cases." S.Rep. No. 1344, *supra*.

■ When an act violates more than one criminal statute, "the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979).[7] Since no contention of discrimination has been made in this appeal, the government had discretion to prosecute pursuant to § 22–2204(a), even though, admittedly, it could not claim the benefit of the presumption of illegality provided in § 22–2204(b).

■ We conclude that the government's evidence that appellant gave a false identity and false addresses in order to procure the rental agreement was sufficient for a jury to conclude that Hertz did not knowingly consent to appellant's use of the vehicle at the time the agreement was signed.[8]

ful criminal prosecution would not bar a subsequent civil action arising from the same incident. *Jones v. District of Columbia*, 212 F.Supp. 438, 448–49 (1962), *aff'd*, 116 U.S.App. D.C. 301, 323 F.2d 306 (1963); *United States v. Nat'l Ass'n of Real Estate Bds.*, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007 (1950); *Stone v. United States*, 167 U.S. 178, 185, 17 S.Ct. 778, 781, 42 L.Ed. 127 (1897) (prior federal criminal acquittal has no res judicata effect in subsequent civil action by United States because parties are not the same, no criminal intent need be shown in the civil action, and burdens of proof are different).

**5.** *McLaughlin* involved an initially valid rental; even were it not so easily distinguishable, it would not be binding on this court.

**6.** The *Senate report*, quoted in appellant's brief, states that § 22–2204(a) "has been found in several court decisions to be inadequate for prosecution of vehicle rental agreement violations." S.Rep. No. 1344, 94th Cong., 2d Sess. (1976).

The notice conditions in § 22–2204(b) were "designed to protect *honest* lessees," S.Rep. No. 1344, 94th Cong., 2d Sess. (1976) (emphasis added), *i. e.*, "those very few careless or

forgetful individuals who innocently fail to return a rental vehicle." 122 Cong.Rec. 10547–10550 (April 12, 1976) (remarks of Representative Mann of South Carolina).

**7.** Nor did the Supreme Court in *Batchelder* find that whenever conduct might violate two criminal statutes, the more recent statute implicitly repeals the former. ["The] legislative intent to repeal must be manifest in the 'positive repugnancy between the provisions.'" *United States v. Batchelder, supra* 442 U.S. at 114, 99 S.Ct. at 2199 (citation omitted).

**8.** We therefore need not reach the issue in *McLaughlin*: whether proof of subsequent excessive use after an initially valid rental contract is sufficient to constitute a violation of § 22–2204(a).

Accepting appellant's argument would lead to a preposterous result: Thus, any lessor's failure to comply with the notice requirements in § 22–2204(b) (an almost inevitable circumstance in out of state rental cases) would absolve a fraudulent lessee from any subsequent unauthorized motor vehicle use prosecution in the District of Columbia.

This evidence, together with the ample evidence of appellant's subsequent use of the car, is sufficient to sustain a conviction under § 22–2204(a).

### Other Crimes Evidence

Appellant's argument that the introduction of the gasoline credit slips constituted reversible error is unpersuasive.

■ First, there is no compelling inference that the use of a credit card bearing another's name is a criminal act. *Contrast Williams v. United States*, D.C.App., 382 A.2d 1 (1978) ('mug shots' displaying identification numbers found to imply criminal conduct). We note that the trial court excluded any evidence that the credit card may have been stolen.

■ Second, even assuming that the credit card receipts were other crimes evidence, we conclude that they were admissible under at least the first two (and arguably all) of the categories of evidence found admissible in *Drew v. United States*, 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964) (other crimes evidence "admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial").

*Affirmed.*