# District of Columbia
# Court of Appeals

**No. 14-CF-1260**

CHARLES E. WILKINS,

Appellant,



FILED

MAY - 5 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.  **CF2-3132-14**

UNITED STATES,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE:  FISHER, EASTERLY and MCLEESE, *Associate  Judges*.

**J U D G M E N T**

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument.  On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the appellant's conviction is affirmed.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: May 5, 2016.

Opinion by Associate Judge John R. Fisher.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CF-1260

FILED 5/5/16
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

CHARLES E. WILKINS, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF2-3132-14)

(Hon. Robert I. Richter, Trial Judge)

(Submitted March 8, 2016                    Decided May 5, 2016)

*James E. Drew* was on the brief for appellant.

*Channing D. Phillips*, United States Attorney, and *Elizabeth Trosman*, *Elizabeth H. Danello*, *Katherine Earnest*, and *Karen P. Seifert*, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER, EASTERLY, and MCLEESE, *Associate Judges*.

FISHER, *Associate Judge*: A jury convicted appellant Charles Wilkins of violating the Bail Reform Act (the "BRA") by willfully failing to appear for sentencing.[1] He argues that the trial court erred by not giving his proposed theory-

---

[1] D.C. Code § 23-1327 (2015 Supp.).

of-the-case jury instruction and that the record contained insufficient evidence of willfulness to support the conviction. We affirm.

## I.   Background

On Wednesday, February 19, 2014, appellant appeared in Superior Court for proceedings related to two misdemeanor criminal cases. Appellant signed two notices, one for each case, acknowledging that he was required to appear for sentencing two days later, on Friday, February 21, 2014, at 11:00 a.m. Although transcripts of the February 19 and February 21 proceedings are not part of the record before us, the government presented expert testimony at appellant's trial explaining standard courtroom practice. Courtroom clerks will orally notify a defendant of the date and time he is next required to appear in court and of the consequences for failing to appear, require that he sign a Notice to Return to Court containing the same information, and give him a copy of the signed notice. Appellant's former attorney explained that the start time for the February 21 hearing was deliberately set later than usual, at 11:00 a.m., to give Mr. Wilkins more time to get to court.

On February 21, appellant was not present in court at 11:00 a.m. When his attorney, Marnitta King, "called Mr. Wilkins at his house" at 12:17 p.m. and 12:49 p.m. that day, he was still at home, even though "[h]e knew he needed to be in court." During the first call, Ms. King said, she "told him he need[ed] to be here by two; a, because [after that time] the judge will be gone; but b, because I will be gone."

By the second time Ms. King spoke to appellant, a bench warrant had issued for his arrest in each misdemeanor case. During the second phone call, Ms. King told appellant that if he could not get to court by the time the judge left the bench (and she left the courthouse) at 2:00 p.m., then he should come to court on Monday so she could try to get the warrants quashed. Ms. King testified that appellant "didn't say he wasn't coming"; rather, "[h]e was in the process of getting himself together to come." Appellant never came to court on February 21, however. He was arrested on the outstanding warrants around 1:00 a.m. on February 22, 2014. Appellant did not testify.

## II.    Analysis

### A.    The Instruction Appellant Requested

Appellant presents two arguments regarding his proposed jury instruction.[2] First, he argues that the statute required only that he appear on the date stated in the notice, not at a specific time, so being late to court was not a violation of the BRA. Therefore, he implies, he could not have been convicted if he had appeared by 5:00 p.m. on February 21. Second, he claims that the court could easily have modified his proposed instruction on its own initiative and that it erred by failing to do so.

When considering whether a requested defense instruction was properly denied, we view the record in the light most favorable to the defendant. *Fearwell v. United States*, 886 A.2d 95, 100 (D.C. 2005). "Jury instructions must properly inform [the jury] of the applicable principles involved." *Murphy-Bey v. United States*, 982 A.2d 682, 690 (D.C. 2009) (alteration in original) (internal quotation

---

[2] Appellant requested the following jury instruction:

> There is evidence that Mr. Wilkins did not appear in court on Friday, February 21, 2014[,] because his lawyer told him to come to court the following Monday. If you find a special circumstance, namely, that Mr. Wilkins relied on the advice of his counsel in failing to come to court on February 21, 2014, you may consider that special circumstance in determining whether the government has proven beyond a reasonable doubt that Mr. Wilkins's failure to appear was willful.

marks omitted). Thus, an instruction must be an "accurate statement" of the law and not misleading to the jury. *See Fearwell*, 886 A.2d at 97, 101 (concluding that "special circumstances" jury instruction on willfulness "should have been given because it was an accurate statement of a legal principle"). In addition, the issue must have been "fairly raised by the evidence." *Id*. at 100 (quoting *Simms v. United States*, 867 A.2d 200, 204 (D.C. 2005)).

Judge Richter refused to give the instruction because it "read[] more like an argument" and he believed that "technically, . . . failure to appear on time could be a violation." Judge Richter also said the instruction misstated the law, or at least was "misleading," because, while "you'd be entitled to an instruction if coming to court late was a defense, . . . [t]he problem with your theory of the case is it suggests that it's in and of itself a defense to not appearing at eleven o'clock[,] . . . which is what he's required to do." "The best you can say is . . . the government can't prove that he wouldn't have appeared *after two o'clock* if his lawyer hadn't told him not to bother" (emphasis added).

## 1. Interpreting D.C. Code § 23-1327

Appellant first argues that, as a matter of statutory interpretation, the words "fails to appear" in D.C. Code § 23-1327 mean failing to come to court *on the date* required, so "merely" being late is not a violation of the statute. He asserts that because there is no explicit reference to "time" in the statute, appearing late on the appointed day is a "complete defense" to a charge of "failure to appear." Thus, his argument goes, he cannot be held responsible for the period between 11:00 a.m. and 2:00 p.m. because he was "merely" late and still "was coming" to court, and he cannot be held responsible for the period between 2:00 p.m. and 5:00 p.m. because his attorney told him not to bother coming to court after 2:00 p.m.

Appellant's interpretation ignores our numerous precedents construing and applying § 23-1327. *See generally, e.g.*, *Foster v. United States*, 699 A.2d 1113 (D.C. 1997); *Trice v. United States*, 525 A.2d 176 (D.C. 1987). The statute says, quite clearly, that anyone who "willfully fails to appear before any court or judicial officer *as required*" is subject to the penalties enumerated. D.C. Code § 23-1327 (a) (emphasis added). Furthermore, our recitation of the elements of a § 23-1327 violation has been consistent for nearly thirty years: "[T]he trier of fact must find (1) that the defendant was released pending trial or sentencing, (2) that he was

required to appear in court on a specified date or *at a specified time*, (3) that he failed to appear, and (4) that his failure was willful." *Fearwell*, 886 A.2d at 100 (quoting *Foster*, 699 A.2d at 1115) (emphasis added); *see also Trice*, 525 A.2d at 179 (same). Thus, the time of the hearing is just as much a part of the requirement to return as is the date, and a defendant is responsible for appearing in court on the correct date, at the correct time, and in the correct courtroom, or else he may be subject to the penalties enumerated in D.C. Code § 23-1327.[3]

"Without question, punctuality is essential to a functioning court system . . . ." *Thompson v. United States*, 690 A.2d 479, 484 (D.C. 1997) (quoting *Williams v. United States*, 576 A.2d 1339, 1345 (D.C. 1990)). It would be impossible to run a court system if parties and attorneys (and judges and court staff) came to court on a particular day, but at any time each person chose. Little court business could be accomplished under such a freewheeling system. We cannot accept appellant's interpretation because it is inconsistent with the statute and our case law, as well as being an unworkable rule in practice.

---

[3] Contrary to appellant's arguments, the fact that a trial court tolerates some late arrivals, that the government does not prosecute every failure to appear, or that lateness can be caused by a variety of reasons is irrelevant to interpreting whether tardiness is proscribed by § 23-1327. The reason for a defendant's delayed appearance may provide a defense to the willfulness element, but the availability of the defense does not transform *every* late appearance into an absolute defense to a charge under § 23-1327.

Appellant pointed out, to both the trial court and this court, that the indictment does not specify a time at which he failed to appear. However, it does allege that, "[o]n or about February 21, 2014, . . . [appellant] willfully failed to appear before the Court *as required*" (emphasis added).

"What is 'required' [by a court's order] is determined in the individual case." *Gilliam v. United States*, 46 A.3d 360, 370 (D.C. 2012). Here, on February 19, appellant signed two Notices to Return, each specifying a date two days hence (February 21, 2014) and a time (11:00 a.m.) when he was next required to be in court. Each notice stated, "It is your responsibility to appear *on time* in the proper courtroom" and warned, in capital letters, that "failure to appear *promptly* may result in the issuance of a warrant for your arrest[]" (emphases added). By not being present at 11:00 a.m. on February 21, appellant failed to appear "as required," and was subject to the penalty provisions of the BRA if his failure was willful. Therefore, Judge Richter correctly refused to give the requested instruction because it implied that the lawyer's advice could retroactively excuse appellant's failure to appear by 11:00 a.m., or any time prior to 2:00 p.m.

Appellant acknowledges that courts use their contempt power to penalize defendants who fail to appear in court on time, citing *Williams*, 576 A.2d at 1340-43. Mr. Wilkins then asserts, however, that *only* court-initiated contempt proceedings, and not prosecution under the BRA, may be used to punish a defendant's late appearance. However, when two statutes criminalize the same conduct, the prosecutor may apply either statute, "so long as the selection does not discriminate against any class of defendants." *Caldwell v. United States*, 595 A.2d 961, 965 (D.C. 1991) (citing *(Raymond) Evans v. United States*, 417 A.2d 963, 965 (D.C. 1980)) (holding that prosecutor may choose between general and specific contempt sanctions for violating a condition of release).

Thus, a defendant ordered by a court officer to be in court on a particular date and at a particular time is required to be present in the courtroom at that date *and* time. Willful failure to comply with the court's order may expose the defendant to prosecution under the BRA *or* for contempt.

## 2. Modification of the Proposed Jury Instruction

Appellant also contends that the trial court erred by failing to modify his draft instruction on its own initiative by adding "after 2:00 p.m." Perhaps the

proposed instruction could have been modified to make it legally accurate. In fact, the court did state, during the discussion, that "[t]he best you can say is . . . the government can't prove that he wouldn't have appeared *after two o'clock* if his lawyer hadn't told him not to bother," (emphasis added), which is precisely what appellant is now requesting. However, defense counsel never asked the trial court to modify the instruction in that way, or any other, merely requesting that the original formulation "be made part of the record."

Our rules oblige the parties to play an active role in proposing, objecting to, and clarifying instructions. *See* Super. Ct. Crim. R. 30. Nevertheless, in *Whitaker v. United States*, 617 A.2d 499 (D.C. 1992), we endorsed the view that "even a request for an instruction which is not entirely perfect may in some situations impose upon the court the duty to give a more specific instruction on an issue" if it is necessary to assist the jury in making its decision intelligently. *Id.* at 507-08 (alteration and internal quotation marks omitted) (supp. op. on reh'g). There are limits to that duty, however. *See Zeledon v. United States*, 770 A.2d 972, 976 (D.C. 2001). For example, "a [trial] court is not required to rewrite an improper instruction to capture a kernel that may have some validity." *Pannu v. Jacobson*, 909 A.2d 178, 198 (D.C. 2006) (alteration in original) (citation omitted).

To transform appellant's instruction into an accurate statement of the law that would not distract or mislead the jury, the court would have had to fashion a multipart substitute. A balanced instruction would have needed to incorporate two theories: first, that appellant's failure to appear after 2:00 p.m. was not willful because he was acting on advice of counsel (perhaps a "kernel" with "some validity"); and second, a more pertinent, but vague, explanation why his failure to appear as required at 11:00 a.m. was not willful. In this situation, where the proffered instruction was so far off the mark, the trial court was not required to rewrite it.

Importantly, the trial court did not restrict appellant's argument about his lack of willfulness, and even encouraged counsel to argue just that. In fact, almost all of defense counsel's closing argument maintained that the government failed to prove willfulness: "It was Ms. King who told him, [i]f you can't get here by two, come on Monday. . . . Ms. King has explained . . . that she and her investigator babied him because of the issues he had with coming to court. And in th[ese] circumstances, we submit, . . . that was not wil[l]ful." The jury obviously did not find the argument persuasive.

## B. Proof of Willfulness

"When analyzing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and making no distinction between direct and circumstantial evidence." *McCray v. United States*, Nos. 12-CF-1778, etc., 2016 WL 932657, at *16 (D.C. Mar. 10, 2016) (quoting *Medley v. United States*, 104 A.3d 115, 127 n.16 (D.C. 2014)). "[I]t is only where the government has produced no evidence from which a reasonable mind might fairly infer guilt beyond a reasonable doubt that the court can reverse a conviction." *Id.* (alteration in original) (quoting *Medley v. United States*, 104 A.3d at 127 n.16).

Section 23-1327 (b) contains a permissive inference that "[a]ny failure to appear after notice of the appearance date shall be prima facie evidence that such failure to appear is wil[l]ful." *Id.* To be "willful," a defendant's failure to appear in court must be "knowing, intentional, and deliberate, rather than inadvertent or accidental." *(Sterling) Evans v. United States*, No. 14-CM-1209, 2016 WL 1078259, at *3 (D.C. Mar. 17, 2016) (quoting *Trice*, 525 A.2d at 181). Judge Richter's jury instruction used this definition of "willfulness."

If a defendant believes that special circumstances make his failure to appear *not* willful, he bears the burden of bringing that evidence before the jury. *Raymond v. United States*, 396 A.2d 975, 978 (D.C. 1979). However, "[i]f the jury rejects [the defense evidence], the statutory inference remains in the case and provides a sufficient basis for a verdict of guilty." *(Sterling) Evans*, 2016 WL 1078259, at *3 n.4 (second alteration in original) (quoting *Trice*, 525 A.2d at 182). Contrary to appellant's argument, "[t]he mere presentation of a defense does not dispel the statutory inference or cause it to drop out of the case, . . . for the jury is always free to accept or reject the defense evidence." *Trice*, 525 A.2d at 182.

Appellant undisputedly received notice that he was required to be in court at 11:00 a.m. on February 21, 2014, and failed to appear. By presenting this prima facie evidence, the government triggered the permissive inference of willfulness. *See* D.C. Code § 23-1327 (b). Ms. King testified that she and her investigators "kind of baby" Mr. Wilkins and tried to help him get to court on time because he "falls asleep a lot, he has all these mental health problems, he has a lot of issues." But she offered no details, and appellant did not call a medical doctor to testify that appellant had been diagnosed with or treated for a sleep disorder. Nor did

appellant himself explain why he had been unable to appear by 11:00 a.m. on February 21.

Appellant might have had a persuasive defense to the willfulness element for the period from 11:00 a.m. to 2:00 p.m. if he had presented evidence that a sleep disorder or other genuine obstacles prevented him from appearing on time. *But see (Sterling) Evans*, 2016 WL 1078259, at \*4 n.8 ("If the trial judge construes appellant's testimony about memory lapses to mean that they were a 'normal event' for him, then, upon crediting that testimony, the court might infer, from appellant's failure to verify what he remembered, that he willfully disregarded the order to return to court" as required); *see also Smith v. United States*, 583 A.2d 975, 979 (D.C. 1990) ("[A] defendant undoubtedly has an obligation to act diligently with respect to returning as required for a further court proceeding . . . .").

Presented with this evidence (or lack thereof), it was the role of the jury to determine whether it credited appellant's version of the circumstances or whether it inferred willfulness from his knowledge and failure to appear. *See (Sterling) Evans*, 2016 WL 1078259, at \*3 n.4. Viewing the evidence in the light most favorable to the government, we cannot say that "the government has produced no

evidence from which a reasonable mind might fairly infer guilt beyond a reasonable doubt." *McCray*, 2016 WL 932657, at \*16.

## III.  Conclusion

For the reasons stated above, appellant's conviction is

*Affirmed*.